OPINION OF THE COURT
Deborah A. Dowling, J.
Based upon the papers submitted herein, the respondents’ notice of motion and memorandum of law in support dated November 13, 1989; petitioner’s affirmation in opposition dated November 29, 1989; and respondents’ reply memorandum dated December 5, 1989, the within motion was marked submitted on December 12, 1989.
The within holdover proceeding was commenced on or about January 10, 1989. On January 31, 1989, the respondents failed to appear and this case was scheduled for inquest before the *56 Honorable Judge Sherman. On February 24, 1989, an inquest was held and a final judgment of possession was entered in favor of petitioner. On March 9, 1989, the respondents by their attorney moved by order to show cause to vacate the default judgment.
On March 24, 1989, the return date of the motion, the parties both being represented by counsel entered into a stipulation which vacated the final judgment; respondents waived traverse of the service of notice of petition and petition and of all of the preliminary notices; and permitted the respondents to file an answer to this proceeding. The case was then adjourned for the various reasons contained on the court file, due in part to the request for separate Catonese language interpreters for both parties.
The issue before this court is whether the within 10-day notice to quit which pleads alternative causes of action is sufficient to terminate respondents’ tenancy and as such should deprive this court of subject matter jurisdiction. The within 10-day notice purports to terminate the respondents’ tenancy based upon the following grounds:
“please take notice, that the prior tenant of the above described premises was wong ngon chong tom, and at that time the premises were subject to Rent Control. Based upon information and belief, you were the licensee of that prior tenant and your license expired upon that tenants vacating the premises and not having any intention of returning to it by virtue of the fact that the prior tenant is deceased. Additionally, any license you might claim from the owner of the premises is revoked. In accordance with the Real Property Actions and Proceedings Law, you are now required to quit, vacate and surrender possession of the premises not later than January 6, 1989, that being more than ten (10) days after you were served with this notice. If you fail to quit, vacate and surrender possession of the premises, the landlord will commence summary proceedings to remove you from possession of the premises.
“If you are not the licensee of the prior tenant, then upon the prior tenants removal from possession of the premises, you squatted upon or intruded upon the premises without the permission of the owner, who is the person entitled to possession of the premises. You are therefore a trespasser-squatter in the premises, and you are hereby notified that you must remove yourself and all persons occupying the premises with *57 you not later than January 6, 1989. If you fail to move out of the premises, the landlord will commence summary proceedings in the Civil Court of New York to remove you from possession.”
In determining whether a summary holdover proceeding provides for pleading alternative causes of action, RPAPL article 7 must be examined.
HISTORY OF SUMMARY PROCEEDINGS
Since a summary proceeding is a special proceeding governed entirely by statute, there must be strict compliance with statutory requirements in order to give the court jurisdiction. (Beach v McGovern, 41 App Div 381 [2d Dept 1899]; Giannini v Stuart, 6 AD2d 418 [1st Dept 1958]; Stratford Arms Hotel v Petty, NYLJ, Jan. 3, 1979, at 4 col 1 [App Term, 1st Dept].) Summary proceedings to recover the possession of real property were first brought into existence in this State by Laws of 1820 (ch 194 [43rd Sess]). (See, 2 Rasch, New York Landlord and Tenant — Summary Proceedings § 29:5 [3d ed].) Prior to the enactment of Laws of 1820 (ch 194), the only possessory legal remedy which a landlord had was by action in ejectment, which was often criticized for being lengthy and expensive. On the history of summary proceedings Rasch explains: "The remedy originally provided for by the statute of 1820 was transferred to the Code of Civil Procedure, and then in 1920, to the former Civil Practice Act. In 1963, the repeal of the former Civil Practice Act became effective, and Article 83 thereof, governing summary proceedings to recover possession of real property, was replaced by Article 7 of the Real Property Actions and Proceedings Law, to which most of the provisions of the former Civil Practice Article were transferred.” (Op. cit., § 29:5, at 419.)
It should be noted that summary proceédings for the recovery of possession of real property have always been regarded as special proceedings rather than as civil actions within the meaning of the former Civil Practice Act, or the Code of Civil Procedure which preceded it. (Rasch, op. cit., § 29:6.) Since summary proceedings are treated as special proceedings they are clearly distinguishable from civil actions.
As noted by Judge Dankberg in Zenila Realty Corp. v Masterandrea (123 Misc 2d 1, 4-5 [Civ Ct, NY County 1984]): "creation of summary proceedings to replace ejectment actions eliminated not only archaic, oppressive procedures (like the *58 complexities of a common-law demand); in the intent to be ’summary’ many procedural rights due a party sued in any other lawsuit are also circumscribed. For example, today, a tenant’s time to answer a petition’s allegations is limited to five days (RPAPL 732, subd 1); a trial date must be established within three to eight days after answer (RPAPL 732, subd 2); disclosure is by leave of court, not as of right (CPLR 408); and there is no joinder, interpleader, third-party practice or intervention except by leave of court (CPLR 401). These modifications profoundly restrict procedural remedies available to tenants in summary proceedings; those that remain should be scrupulously honored.” Although the court in Zenila was confronted with a nonpayment proceeding, the underlying principles upon which the court relied applies to summary proceedings in general. For instance, in holdover proceedings disclosure is also by leave of the court, not as of right; and a trial date must be established at least 5 and not more than 12 days before the time at which the petition is notice to be heard (RPAPL 733 [1]); and there is no joinder, interpleader, third-party practice or intervention except by leave of court. Therefore, it cannot be seriously argued that the Legislature ever intended summary proceedings to provide all of the procedural rights and remedies available to parties in plenary civil actions.
TERMINATION NOTICE
In the instant case it is uncontroverted that the purported notice to terminate dated December 4, 1988, seeks to terminate the respondent’s tenancy on the grounds that they are licensees or .trespassers-squatters. Said notice which purports to terminate the respondent’s tenancy is inadequate in that it fails to properly or effectively apprise respondents of specific grounds upon which the petitioner intends to prove that there is no existing tenancy or a valid termination of tenancy. (RPAPL 741 [4].) In the case of Olivero v Duran (70 Misc 2d 882 [Civ Ct, Queens County 1972]), which involved a summary holdover proceeding, where the alleged five-day notice annexed and made part thereof contained nullities in that they failed to state with any particularity the alleged violations or defaults under the lease on which the landlord claimed to rely, the court stated (at 886): ”[h]ow can the respondents possibly know what they must defend themselves against and how can they properly interpose any valid legal defenses they might be entitled to under these circumstances?” This is *59 particularly true in the instant case, since the respondent is being forced to defend against two distinct and separate holdover claims (licensee and/or trespasser-squatter). Where a party, such as the petitioner herein elects to commence a summary proceeding, which is a special proceeding, the party must also be bound by the applicable rules of the RPAPL.
RPAPL 713 sets forth the definition of a licensee (§ 713 [7]) and a squatter (§713 [3]). The legal definitions and elements that the petitioner is required to prove to establish that respondents are licensees or squatters are intrinsically different that it cannot be seriously maintained that the defenses that would be available to respondents will be the same for each cause of action. If in fact, the respondents can establish that they moved in with authorization of the former tenant than a holdover proceeding based upon the squatter’s allegation would have to be dismissed. Case law has consistently held that in order to maintain a summary proceeding under RPAPL 713 (3) it is essential that the occupant sought to be removed, or the person to whom the occupant has succeeded, intruded into or squatted upon the premises, in the first instance, without permission of the owner, his predecessor in title or one entitled to possession. (See, Murawski v Melkun, 71 Misc 2d 575 [Civ Ct, Queens County 1972]; Matter of Robbins v De Lee, 34 AD2d 870 [3d Dept 1970]; McArthur v Walter, 182 NYS 690 [App Term, 1st Dept 1920].) Also, if the petitioner is unable to establish that respondents are licensees whose license has expired pursuant to RPAPL 713 (7) then the holdover proceeding based upon this allegation would have to be dismissed.
As a result of the fact that summary proceedings are special proceedings with an extremely limited purpose, the petitioner is not permitted to combine pleadings contained in RPAPL 713 in order for this court to render a possessory judgment in its favor. Recent case law supports the proposition that termination notices which allege alternative causes of action and fail to comply with RPAPL 741 (4) are defective. (510 E. 5th St. Assocs. v Gatchell, NYLJ, Sept. 20, 1989, at 22, col 2 [Civ Ct, NY County]; Cypress Holding Corp. v Nivar, NYLJ, July 19, 1989, at 20, col 2 [Civ Ct, Bronx County]; Hoyt v Powell, NYLJ, July 19, 1989, at 19, col 1 [Civ Ct, NY County]; Ditmas Arms Assocs. v "Doe”, NYLJ, Aug. 11, 1988, at 22, col 6 [Civ Ct, Kings County]; G.A.G. Enters. v Gonzalez, NYLJ, June 15, 1988, at 30, col 6 [Civ Ct, Kings County].)
In the instant case, petitioner by seeking to invoke the *60 liberal pleadings permissible under the CPLR is asking this court to exercise the broad equitable powers while depriving the respondents of the concomitant relief that would be available to them in a court of general equitable jurisdiction. The petitioner in seeking to combine pleadings contained in RPAPL 713 is asking this court to enlarge the grounds upon which he may legally terminate the respondents’ tenancy and have them evicted from their home. Instead of the petitioner having to prove the precise allegations upon which it’s to terminate the respondents’ tenancy, it is asking the court to choose one of its claims alleged in the termination notice and the petition, to establish that it has proven a prima facie case. The respondents are at the distinct disadvantage of having to guess which one of the grounds the court may choose to sustain the petition.
Moreover, if this court determined that such alternative pleadings in summary proceedings is permissible it would have the effect of eliminating the statutory distinctions between summary holdover proceedings and civil actions at law. Such alternative pleading in summary proceedings would open up the floodgates for landlords to always claim that their occupants are squatters, licensees, tenants at common law, etc. The odds of landlords being able to prove their prima facie case under multiple theories would greatly increase. An issue of this magnitude with such far-reaching effects that would change the substantive grounds of pleadings in summary holdover proceedings would be more appropriately determined by appellate review or the Legislature.
After due consideration of the papers submitted herein, and the applicable statutes and case law, this court finds that the notice to terminate is defective and this proceeding is hereby dismissed.