*865 OPINION OF THE COURT
Paula J. Omansky, J.
In this holdover proceeding petitioners moved to strike the respondent’s jury demand, and respondent cross-moved to dismiss the petition or, alternatively, to stay this proceeding pending the outcome of a proceeding currently pending before the Division of Housing and Community Renewal (DHCR). The basis for respondent’s cross motion is that the petitioners’ notice to quit is defective because it states alternative grounds as the basis for recovering possession of the premises; namely, that the respondent is either a licensee whose license has expired or a squatter. Cases have dismissed petitions on this ground on the theory that such a "combined” notice hampers the respondent’s ability to prepare a defense and fails to give adequate notice as to what petitioner intends to prove at trial (see, e.g., Tik Sum Cheung v Xaio Man Li, 148 Misc 2d 55 [Civ Ct, Kings County 1989]; Valrose Realty v Dewinger, NYLJ, Feb. 7, 1990, at 23, col 3 [Civ Ct, NY County]; South Nine Realty Co. v Padilla, NYLJ, Mar. 20, 1991, at 25, col 1 [Civ Ct, Kings County]).
In this case petitioner’s notice to quit begins by reciting that the known tenant of record, someone other than respondent, surrendered his rights to possession of the apartment at issue. It goes on to state "Permission, if any, given to Scott Sirkin, 'John Doe’, 'Jane Doe’ to occupy the subject apartment is hereby revoked. If, in the alternative, no permission was given to said occupants to occupy the subject premises, then please take notice that you have unlawfully intruded into and/or squatted upon the above described premises without the permission of the landlord or the landlord’s authorized representative.”
In 349 E. 49th St. Equities v Vought (NYLJ, May 27, 1982, at 5, col 4 [App Term, 1st Dept]), the court stated that, at the time petitioner landlord drafted the petition, it was unaware of how the respondent had come into possession of the apartment and identified him as "John Doe” in both the notice to quit and the petition. The Appellate Term noted that the petition was "loosely framed and state[d] a cause of action under either section 713 (3) or section 713 (7) of the RPAPL,” (supra, at 5, col 4) the squatter and licensee provisions, respectively, yet affirmed the award of possession to the landlord upon proof that respondent was a licensee.
If a petitioner may proceed to trial on pleadings which are *866 framed in the alternative, alleging that respondent is either a licensee or a squatter, as the Appellate Term approved in 349 E. 49th St. Equities v Vought (supra), then the underlying notice to quit cannot be faulted if it accurately predicts the pleadings in the lawsuit to come, and is likewise framed in the alternative.
The notice to quit in this case, as in Vought (supra), informs respondent that petitioners do not recognize him as a tenant whose term has expired for whatever reason and that petitioners claim they do not know by what authority respondent came to occupy the premises. Given their theory of the case, petitioners were not required to choose between describing respondent as either a licensee or a squatter, and risk dismissal if they proved one rather than the other (cf., 349 E. 49th St. Equities v Vought, supra). Nor does respondent say that he is prejudiced by petitioners’ failure to distinguish between licensee or squatter status, facts which are peculiarly within respondent’s knowledge, assuming the truth of the allegations of the petition. Both the licensee and squatter are strangers to any formal relationship with the landlord, and the law treats them as equivalents for purposes of receiving the 10-day notice to quit before the petitioner landlord may institute a proceeding to recover possession (RPAPL 713 [3], [7]). The fact that in this case petitioners identified respondent by name, rather than "John Doe”, does not detract from petitioners’ theory of the case, or distinguish this case from Vought.
It may be true, as respondent claims, that petitioners installed him as the tenant of record. In the absence of documentary evidence, this issue must await resolution at trial. It is petitioners’ burden at trial to prove that respondent is either a licensee or a squatter; and if they fail, the petition will be dismissed. At this stage, however, the petition is not subject to dismissal as a matter of law because the underlying notice to quit describes respondent either as a licensee whose license has expired or, alternatively, as a squatter. "The better view is that at least where the grounds are not hostile to each other, like squatter/licensee, they should be combinable in one notice.” (Treiman, New York Landlord-Tenant Statutes, RPAPL 713, at 80 [annotated 1st ed].) Accordingly, respondent’s motion to dismiss on this ground is denied.
There is merit, however, to respondent’s claim that this proceeding should be stayed pending the resolution of the *867 DHCR proceeding in which respondent alleges rent overcharge and an illusory tenant scheme.
Under certain circumstances, granting of a stay is appropriate (see, e.g., 210 Assocs. v Johnson, NYLJ, Jan. 4, 1990, at 21, col 2 [App Term, 1st Dept], quoting Hope’s Windows v Albro Metal Prods. Corp., 93 AD2d 711, 712 [1st Dept 1984] [in which the court stated: " '[I]t is only where the decision in one action will determine all the questions in the other action, and the judgment in one trial will dispose of the controversy in both actions that a case for a stay is presented * * * What is required is complete identity of parties, causes of action and judgment sought’ ”]).
Here, the DHCR determination will resolve the central issue of this case, namely, the status of the respondent and the petitioners’ right to possession. If respondent prevails before the DHCR, the respondent will be given the status of a prime tenant under a lease (Matter of Avon Furniture Leasing v Popolizio, 116 AD2d 280 [1st Dept 1986]).
Two other factors militate in favor of granting a stay in these proceedings: respondent instituted the DHCR proceeding before petitioners commenced this summary proceeding; and, secondly, by stipulation entered into between petitioner and respondent on November 6, 1991, the respondent agreed to pay the legal rent alleged in the petition, $348.26 per month, as well as outstanding use and occupancy; i.e., $2,089.56. Therefore, petitioner will not be prejudiced during possible "protracted” administrative proceedings (see, Brusco W. 78th St. v Pedersen, NYLJ, Nov. 6, 1989, at 24, col 3 [App Term, 1st Dept]).