OPINION OF THE COURT
Diana Johnson, J.
Respondent moves to dismiss this proceeding on the ground the court lacks subject matter jurisdiction as, (1) the 10-day notice to quit contains inconsistent allegations regarding the specific grounds for eviction, and (2) the petition does not sufficiently state the facts upon which the proceeding is based.
The notice in pertinent part provides:
"please take notice, that the City of New York is the owner of the above-described premises in fee simple absolute and is entitled to possession of same. This premises is now occupied by you as a squatter, or in the alternative, as a licensee.
"The City of New York hereby elects to terminate your license to the above-described premises, which you obtained from natalie tunstall the former legal tenant. Your license has expired in that natalie tunstall is no longer entitled to possession of the premises.
"In the alternative, it is alleged that you have intruded into and squatted upon the above-described premises without the permission of the City of New York and the occupancy so acquired has continued to the present time without such permission.
"Upon information and belief, on or about November 15, 1992, you entered upon and took occupancy at the above-described premises without the permission or consent of the City of New York or any of its authorized agents or employees. Furthermore, you have not been offered to enter into a leasehold by the City of New York or any of its authorized agents or employees.”
There is no definitive appellate authority on whether a proceeding may be grounded on the alternative theories of squatter and licensee. The one appellate case 349 E. 49th St. Equities v Vought (NYLJ, May 27, 1982, at 5, col 4 [App Term, 1st Dept]) does not directly address this issue, and from a reading of the decision it does not appear this was an issue on appeal. The remainder of the reported cases are Civil *718 Court/Housing Court cases on which there is a split of authority. The cases which find alternative pleading to be impermissible hold that such inconsistent pleading renders the notice ambiguous and contradictory as it fails to adequately apprise respondent of the ground upon which petitioner intends to proceed making the notice defective. (349 Dino Realty Corp. v Baker, NYLJ, Mar. 25, 1992, at 24, col 5; South Nine Realty Corp. v Padilla, NYLJ, Mar. 20, 1991, at 25, col 1; Tik Sun Cheung v Xaio Mau Li, 148 Misc 2d 55 [1990]; Cypress Holding Corp. v Nivar, NYLJ, July 19, 1989, at 20, col 2.)
The cases which find alternative pleading to be permissible hold that the grounds of squatter and licensee are natural alternative grounds, not hostile or substantively inconsistent to each other and well within the allowable latitude for alternate pleadings. (Langdale Owners Corp. v Lane, NYLJ, Nov. 3, 1993, at 24, col 6; Newman v Sirkin, 153 Misc 2d 864 [1992]; Hoyt v Powell, NYLJ, July 19, 1989, at 19, col 1; G.A.G. Enters. v Gonzalez, NYLJ, June 15, 1988, at 30, col 6.)
After due consideration this court is not prepared to find the allegation of squatter/licensee acceptable per se in all cases. Nor is the court disposed to find such allegations per se impermissible in all cases. Rather the court adopts a measured, balanced rational approach permitting the use of an allegation of squatter/licensee under specific circumstances. It is not enough for a petitioner to simply argue that he doesn’t know the status of the occupant, when he should have known, or was in the position to have known. The most obvious example being when the petitioner was the owner at the time the occupant took possession. However where the petitioner was not the owner at the time the occupant took possession and does not have the ability or the facility to determine respondent’s status, such as where the premises was obtained in foreclosure or when the premises was obtained in an in rem tax foreclosure proceeding, then it is reasonable and rational to allege the alternative grounds of squatter/licensee. A respondent’s right to be adequately apprised of the ground petitioner is proceeding under must be balanced with the realities of the situation. In this case although the premises was obtained in an rem tax foreclosure it was obtained according to the petition on or about December 9, 1985 which is well before November 15, 1992, the alleged date on or about which respondent took occupancy. As petitioner was the owner at the time respondent took occupancy, it is charged with knowing respondent’s status. Therefore having no reasonable, ra *719 tional basis for not knowing respondent’s status it is impermissible to allege the alternative grounds of squatter/licensee in this proceeding.
Even had the respondent taken possession prior to petitioner taking title to the premises, this case would still be subject to dismissal based on the second alleged ground for dismissal stated in this motion. For even if petitioner is permitted to plead in the alternative, this does not excuse the petitioner from the particularization requirements necessitated in an eviction proceeding. (See, Valrose Realty Co. v Dewinger, NYLJ, Feb. 7, 1990, at 23, col 3; G.A.G. Enters. v Gonzalez, supra.) In order to satisfy the requirement of stating the facts upon which the proceeding is based, an essential allegation in the notice where alternative pleading is permitted must be an explanation as to why the petitioner does not know respondent’s status. An example being — "The reason the City of New York alleges you are either a squatter or a licensee is because the building you occupy was taken by the City of New York in an in rem tax foreclosure proceeding on -at which time you were found to be occupying apartment __Accordingly the City of New York has no knowledge as to whether you are a squatter or a licensee.” Without such an allegation, the notice which is incorporated into the petition causes the petition to be defective for failure to sufficiently state the facts upon which the proceeding is based.
Accordingly respondent’s motion to dismiss this proceeding is granted.