*84 OPINION OF THE COURT
Memorandum.
Appeal from order dated February 11, 2003 unanimously dismissed.
Final judgment unanimously reversed without costs, tenant’s motion to dismiss the petition granted and petition dismissed.
The appeal from the order dated February 11, 2003 must be dismissed as the right of direct appeal therefrom terminated with the entry of the final judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on appeal from said order are brought up for review and have been considered on the appeal from the final judgment (see CPLR 5501 [a] [1]).
In this holdover proceeding, tenant was served with a notice to cure alleging various violations of its obligations under the lease, including, inter alia, that tenant failed to obtain insurance as required by the lease, failed to pay water and sewage charges, failed to pay rent arrears and failed to pay increases in the real estate taxes. The notice to cure stated that tenant had until May 24, 2002 to cure its breach and that “any response to this notice shall be sent and directed to the below-named attorneys for the landlord.” The named attorneys were: “Mallon, Konstan & Hager, Esqs.” In an affirmation in support of the motion to dismiss the proceeding, tenant’s attorney argued that the notice to cure was defective since it did not name landlord’s attorney and, as such, deprived tenant of an opportunity to cure. In an attempt to resolve this matter, tenant’s attorney stated that he phoned and wrote two letters to landlord in order to ascertain the name of landlord’s attorney. Copies of said letters were annexed to the moving papers. However, it was uncontroverted that his efforts met with no reply. After reviewing the record, it is clear that the aforementioned law firm represented tenant when the lease was executed and was erroneously named as landlord’s attorney on the notice to cure.
In an affidavit in further support, tenant’s vice-president stated that landlord did not indicate which insurance policy tenant failed to obtain, as the lease required tenant to obtain several policies, and that tenant was prepared to pay all monies due under the lease but was uncertain of the sum owed since landlord never specified an amount owed or made a demand therefor.
Language in written instruments that work a forfeiture must be strictly construed (see Gillette Bros. v Aristocrat Rest., 239 *85 NY 87 [1924]; Lerner v Johnson, 167 AD2d 372 [1990]). The notice to cure in the case at bar directed tenant to contact landlord’s attorney with any response to same and did not provide landlord’s attorney’s name. Since tenant had no way of contacting landlord’s attorney to address which insurance was not obtained by tenant and how much monies were owed by tenant, the notice to cure was defective inasmuch as it deprived tenant of an opportunity to cure (Jamay Ltd. Partnership v Chung Wah Cheung Sang Funeral Corp., 2002 NY Slip Op 40284[U] [Civ Ct, NY County 2002]). Inasmuch as a valid predicate notice is a condition precedent to a summary holdover proceeding (see Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980]) and predicate notices are not amendable (id.; see City of Buffalo Urban Renewal Agency v Lane Bryant Queens, 90 AD2d 976 [1982], affd 59 NY2d 825 [1983]), the petition must be dismissed (see City of New York v Bullock, 159 Misc 2d 716 [1993], affd 164 Misc 2d 1052 [1995]).
Patterson, J.P, Golia and Rios, JJ., concur.