Willie Lilley, Care of My Ideal Property, Appellant,
against
Lashay Molina, Respondent, et al., Undertenants.




Mizrahi Law Office, LLC (Robert N. Mizrahi of counsel), for appellant.
Lashay Molina, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Julie Poley, J.), entered March 28, 2018. The order denied petitioner's motion, in effect, to restore to the calendar a summary proceeding alleging that occupant had obtained a license, assignment or sublet from a previous tenant without petitioner's consent and that petitioner had terminated occupant's right to occupy the premises.




ORDERED that the order is affirmed, without costs.
In this summary proceeding commenced in May 2017, the predicate notice and petition allege that occupant Lashay Molina had entered into occupancy as a licensee, sublessee or assignee of a previous tenant and that her right to occupy had been terminated by service of a 30-day notice. In an order dated February 2, 2018, the Civil Court marked the case off the calendar because the court was of the opinion that a June 9, 2017 order, issued by Justice Sweeney in a pending Supreme Court adverse-possession action which occupant had commenced against petitioner's wife, had stayed this summary proceeding until petitioner Willie Lilley was joined as a party in the adverse-possession action. Petitioner appeals from an order of the Civil Court entered March 28, 2018 denying petitioner's motion, which had sought, in effect, to restore the proceeding to the calendar upon the ground that petitioner had since been made a party to the [*2]adverse-possession action.
In our view, Justice Sweeney's June 9, 2017 order stayed only the proceedings in the Supreme Court action and was not intended to enjoin petitioner Willie Lilley, who at the time had not been made a party to the Supreme Court action, from prosecuting this summary proceeding. 
Notwithstanding the foregoing, we decline to grant the motion to restore the proceeding to the calendar. In response to an order to show cause issued by this court, an affidavit dated November 9, 2017, purportedly executed by Willie Lilley, which had been submitted in the Supreme Court action, was provided to this court by petitioner's attorney, in which it was stated, among other things:
"Ms. Molina has no rights to the property for many reasons, including that she is a squatter who never had permission to enter my property. I believe that when I became ill and was not present at the property on a daily basis, Ms. Molina saw an opportunity to move into my property. She certainly has not been living at the property for more than ten years as she claims because my wife and I lived together at the property until her death in 2012."
In the particular circumstances of this case, we find that the petition and predicate notice, which clearly were not prepared on the personal knowledge of Willie Lilley, and which allege, in the alternative, that occupant is a licensee, sublessee or assignee of a prior tenant and do not allege that occupant is a squatter, are defective in that they fail to properly set forth the facts upon which the proceeding is based (RPAPL 741; see City of New York v Bullock, 164 Misc 2d 1052 [App Term, 2d Dept, 2d & 11th Jud Dists 1995], affg for reasons stated below 159 Misc 2d 716 [Civ Ct, Kings County 1993]). Accordingly, the order is affirmed, albeit on different grounds.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 17, 2019