■ KERYAKOS TEXTILES, INC., Respondent, v CRA DEVELOPMENT, INC., Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Kahn, J.), entered January 19, 1990 in Albany County, which, *inter alia,* granted plaintiff's cross motion for summary judgment and made a declaration in its favor.

In 1973, plaintiff leased a portion of premises located at 100 North Mohawk Street in the City of Cohoes, Albany County, known as the Old Harmony Mills. In 1988, plaintiff purchased the assets of B & F Textiles, Inc. (hereinafter B & F), which operated in another portion of the same premises, and assumed the obligations set forth in that corporate entity's lease. In late 1988, defendant took over management of Old Harmony Mills. As the end of the lease term approached, negotiations over renewal commenced.

On February 10, 1989, Michael Bersin, defendant's leasing officer, sent a letter to Charles Contompasis, plaintiff's president, wherein he acknowledged that the B & F portion of the lease expired on July 31, 1989, and set forth the square footage and the renewal cost thereof together with an expression of optimism that their business relationship would continue. Contompasis replied by letter dated February 14, 1989, wherein he expressed a willingness to pay the rate proposed but with different escalation charges and a 60-day cancellation provision. Following telephonic discussions, Bersin summarized his position in a letter dated February 17, 1989 indicating agreement on an escalation expense base year date of June 30, 1990 and rejection of proposed cancellation and option terms. Contompasis, by letter dated March 16, 1989, accepted "the terms of the 5 year B & F lease as set forth in [Bersin's] letter of February 10, 1989".

Defendant thereafter threatened to evict plaintiff from the B & F space on July 31, 1989, the lease expiration date. Plaintiff thereupon commenced this declaratory judgment action seeking judicial confirmation that the exchange of the February and March 1989 letters constituted a new lease. By decision dated August 30, 1989, Supreme Court granted a preliminary injunction barring eviction conditioned upon plaintiff posting a $5,000 bond. Since no bond was posted and no order submitted within 60 days of the decision as required

by 22 NYCRR 202.48 (a), defendant moved to dissolve the preliminary injunction. Plaintiff cross-moved for summary judgment determining that a valid lease existed between the parties. Supreme Court granted the cross motion for summary judgment and denied the motion as moot. This appeal by defendant ensued.

We reverse. The rules applicable to formation of contracts govern agreements to make a lease *(see,* 74 NY Jur 2d, Landlord and Tenant, § 23, at 56-57). It is well settled in contract law that the failure to accept an offer on the terms proposed constitutes rejection of the offer, which is thereby terminated barring any indication to the contrary by the offeror *(see,* 21 NY Jur 2d, Contracts, §§ 42, 53, at 461, 471). Nothing more than a counteroffer, which rejects and terminates the offer, is proposed where an offeree modifies or changes the terms of the offer *(see, supra).*

In this case, Contompasis' letter of February 14, 1989 proposed different and additional terms from Bersin's offer contained in the letter of February 10, 1989. By altering the terms of the February 10 offer, Contompasis essentially made a counteroffer which rejected and terminated the February 10 offer. The March 16, 1989 letter, then, could not accept the terms of the February 10 offer because it no longer remained available. Accordingly, there was no contractual arrangement or lease agreement reached by the parties. Although defendant never formally moved for summary judgment, on this record it is apparent that summary judgment in its favor declaring that no lease agreement existed between the parties should have been awarded *(see,* CPLR 3212 [b]).

Order reversed, on the law, with costs, cross motion denied, summary judgment granted to defendant and it is declared that no valid lease agreement exists between the parties as a result of the parties' correspondence dated February 10, 14 and 17, 1989 and March 16, 1989. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.