OPINION OF THE COURT
Memorandum.
Appeals from orders dated November 5, 1998, May 3, 1999, July 16, 1999, and January 14, 2000 and from decisions dated July 21, 2000 and August 2, 2000 unanimously dismissed.
Final judgment entered August 2, 2000 and order dated October 2, 2000 unanimously affirmed without costs.
The appeals from the intermediate orders and decisions are dismissed because any right of direct appeal from the intermediate orders terminated with the entry of the final judgment (Matter of Aho, 39 NY2d 241, 248) and no appeal lies from the decisions (Gonzalez v Gonzalez, 291 AD2d 373).
*193 The final judgment and the order denying tenant Lillian CalifFs motion to set it aside are affirmed. We reject tenant’s contention that landlord’s commencement of a nonpayment proceeding to recover the rent arrears accruing during the probationary period, in which prosecution of this holdover proceeding was suspended pursuant to a stipulation, “evince [d] an intent to revive” the tenancy and vitiated the notice of termination (McCormack v Geidel, NYLJ, Nov. 22, 1978, at 15, col 1 [App Term, 2d & 11th Jud Dists], reported sub nom. McCoack v Geidel). Unlike McCormack, landlord here did not succeed in obtaining a nonpayment final judgment, and the doctrine of judicial estoppel is thus inapplicable (Jones Lang Wootton v LeBoeuf, Lamb, Greene & MacRae, 243 AD2d 168, 176). Moreover, almost contemporaneously with the commencement of the nonpayment proceeding, landlord moved to reinstate the holdover proceeding, and tenant was ably represented by the same counsel in both proceedings, who moved to have the nonpayment proceeding dismissed. Thus, tenant was not misled in any way by the commencement of the nonpayment proceeding. Inasmuch as the creation of a tenancy is ultimately a matter of intent, it cannot be said in the circumstances of this case that landlord’s commencement of the nonpayment proceeding evidenced an intent to reinstate the tenancy (cf., Stern v Equitable Trust Co. of N.Y., 238 NY 267, 269 [“(t)he relation of landlord and tenant is always created by contract, express or implied, and will not be implied where the acts and conduct of the parties (negate) its existence”]; 104 Div. Ave. v Lebovits, NYLJ, Apr. 9, 2001, at 31, col 2 [App Term, 2d & 11th Jud Dists] [landlord’s acceptance of use and occupancy after expiration of stay did not vitiate the warrant where both parties knew that the payments were being accepted as use and occupancy while efforts to resolve the matter continued]).
Any error by landlord in failing to introduce the lease into evidence was waived by tenant’s failure to raise this issue at trial. “[W]here an issue might have been obviated by the submission of documentary evidence, it may not be raised for the first time on appeal” (Ta-Chotani v Doubleclick, Inc., 276 AD2d 313; see, First Intl. Bank of Israel v Blankstein & Son, 59 NY2d 436, 447; Telaro v Telaro, 25 NY2d 433, 438).
We disagree with tenant’s contention that landlord’s service of the notice to cure required by section 2524.3 (a) of the Rent Stabilization Code (9 NYCRR) for the maintenance of a holdover proceeding based upon a violation of a substantial obligation of the lease required that tenant be afforded either a *194 pretermination or postjudgment (RPAPL 753 [4]) cure period for the nuisance ground sued upon by landlord in the alternative (Rent Stabilization Code [9 NYCRR] § 2524.3 [b]; but cf., Fairmont Manor Co. v Michael, NYLJ, July 13, 1998, at 28, col 6 [App Term, 1st Dept] [requiring a postjudgment cure period]). Where, as here, grounds exist for the maintenance of both a nuisance holdover and a holdover based on breach of a substantial obligation of the lease, a landlord should be permitted to proceed on both grounds in the alternative (CPLR 3014) without the procedural prerequisites of the one becoming en-grafted on the other. If nuisance be established, the service of the notice to cure required for the alternative ground of violation of the lease should not mandate the affording of an opportunity to cure the nuisance if the proof shows that such opportunity is otherwise unwarranted. Inasmuch as the evidence here established “a pattern of continuity or recurrence of objectionable conduct” (Frank v Park Summit Realty Corp., 175 AD2d 33, 35, affd 79 NY2d 789), which began long before the termination of the tenancy and continued throughout the probationary period and up through the time of trial, no further opportunities to cure were either required or warranted.
We have examined tenant’s other contentions and find them to be without merit.
Patterson, J.P., Golia and Rios, JJ., concur.