■ In the Matter of Leon Sutton, Respondent, v Sion Mitrany, Appellant. [816 NYS2d 575]—

Carpinello, J. Appeal from an order of the County Court of Ulster County (Bruhn, J.), entered September 9, 2005, which affirmed a judgment of the Justice Court of the Town of Woodstock in favor of petitioner.

Petitioner commenced a summary proceeding pursuant to RPAPL article 7 to recover possession of a piece of property located in the Town of Woodstock, Ulster County. The Town of Woodstock Justice Court granted petitioner's application, entered a judgment of eviction and issued a warrant of eviction. County Court affirmed finding, among other things, that Justice Court did not abuse its discretion in denying respondent's request for an adjournment due to a prior engagement of counsel. Respondent now appeals.

Initially, we note that the only issue on appeal, as limited by respondent's brief, is whether Justice Court improperly denied his request for an adjournment. The record reflects that respondent was served with the petition in January 2005. The record further indicates that the matter was adjourned twice in Febru-

---

ary 2005, apparently at respondent's request. A final trial date was set for March 2005 and the court informed the parties that no further adjournments would be granted. Respondent appeared at the March trial date without counsel but with a notice of appearance and an affirmation of actual engagement from an attorney and requested another adjournment. Notably, the affirmation fails to comply fully with 22 NYCRR 125.1 (e) (1) in that the record does not indicate that it was submitted together with proof of service on all parties and it does not include the probable date and time of conclusion of this engagement. Moreover, neither respondent nor counsel offered any explanation as to why this information was not provided to the court earlier despite the fact that counsel was retained in late February, when the final trial date had already been set. Given the foregoing, we cannot conclude that Justice Court abused its discretion in denying respondent's third request for an adjournment (*see* 22 NYCRR 125.1 [e] [2]; *Matter of Claburn v Claburn,* 128 AD2d 937, 938-939 [1987]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.