■ In the Matter of HENRY KERN, Respondent, v MORRIS GULLER, Appellant. [835 NYS2d 764]—

Kane, J. Appeal from an order of the County Court of Greene County (Lalor, J.), entered July 17, 2006, which, inter alia, reinstated the warrant of eviction issued by the Justice Court of the Town of Cairo.

Respondent became petitioner's tenant in September 2005. Petitioner commenced an eviction proceeding in the Justice Court of the Town of Lexington in November 2005, but County Court transferred the matter to the Justice Court of the Town of Cairo in January 2006. The record does not disclose what happened to that proceeding, but petitioner filed a new petition in Cairo Town Court on March 8, 2006. Respondent was served with the new petition, accompanied by a three-day notice to quit the premises. At a hearing on March 14, 2006, Justice Court (Baldwin, J.) granted the petition and issued a warrant of eviction, but reserved judgment on the amount of unpaid rent so that respondent could provide proof of payment.

Respondent appealed to County Court and obtained a stay of execution of the eviction warrant. Upon respondent's failure to submit proof of payment, on May 1, 2006 Justice Court issued a written judgment awarding petitioner $4,800 in unpaid rent. County Court affirmed the judgment and reinstated the warrant of eviction. Respondent now appeals to this Court.

This appeal has not been rendered moot by respondent's subsequent eviction from the premises, because an improperly ousted tenant may be entitled to damages or restoration to possession (*see S.W.S. Realty Co. v Geandomenico*, 126 Misc 2d 769, 770-771 [1984]), and the proceeding resulted in a money judgment against respondent for unpaid rent. Additionally, this appeal was properly taken as of right from the order of County Court which determined an appeal from a judgment or order of a justice court (*see* CPLR 5703 [b]; *Hayes v City of Amsterdam*, 2 AD3d 1139, 1140 [2003]).

Justice Court had jurisdiction to entertain this summary proceeding and properly granted judgment on the petition. The petition is based upon respondent's nonpayment of rent and holding over after expiration of the term of his tenancy (*see* RPAPL 711 [1], [2]). Although these grounds for eviction are inconsistent, inconsistent causes of action may be pleaded in the alternative (*see* CPLR 3014; *Rockaway One Co. v Califf*, 194 Misc 2d 191, 194 [2002]). To maintain a summary holdover proceeding, the landlord must allege and prove that the tenant remains in possession after the expiration of his or her term (*see* RPAPL 711 [1]; *Perrotta v Western Regional Off-Track Betting Corp.*, 98 AD2d 1, 2 [1983]). Here, the court found that the parties' oral month-to-month tenancy was terminated by petitioner's oral and written notices to quit given in October and November 2005, and we give deference to the court on this factual determination (*see* Real Property Law § 232-b; *McGloine v Dominy*, 233 NYS2d 161, 163 [1962]; *McGuirk v Ferran*, 222 AD2d 943, 945 [1995], *lv dismissed and denied* 88 NY2d 1003 [1996]).

Finally, respondent contends that the warrant was improperly issued because no final judgment was in existence when the warrant was signed. Justice Court announced at the hearing, in respondent's presence, that it was rendering judgment in favor of petitioner for possession of the property and some amount of rent, and the warrant of eviction referenced the judgment. The court only delayed in issuing a written judgment for respondent's benefit, to afford him an opportunity to provide proof of payment of some rent and thereby determine the amount still unpaid (*compare Witt-Stuart Realty Corp. v Mantell*, 155 Misc

165, 166-167 [1935]). Under the circumstances, Justice Court properly issued the warrant and County Court appropriately affirmed.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.