Tanenbaum, J.
(dissenting and voting to affirm the final judgment in the following memorandum). In my view, tenant’s motion to dismiss based on the pendency of the ejectment action was properly denied.
The principles set forth in the authorities relied upon by the majority arise from a period prior to the enactment of the CPLR, which expressly allows causes of action to “be stated alternatively or hypothetically” (CPLR 3014) and permits relief in the alternative to be demanded (CPLR 3017 [a]; see Gold v 29-15 Queens Plaza Realty, LLC, 43 AD3d 866 [2007]; see also Cohn v Lionel Corp., 21 NY2d 559 [1968]). Consequently, I would hold *58 that the pendency of the ejectment action did not require the dismissal of the instant nonpayment proceeding (cf. Matter of Kern v Guller, 40 AD3d 1231 [2007] [allowing the inconsistent pleading of nonpayment and holdover causes of action]) and would affirm the final judgment.
McCabe, J.E, and Molía, J., concur; Tanenbaum, J., dissents in a separate memorandum.