OPINION OF THE COURT
Per Curiam.
Order dated March 13, 2008, reversed, with $10 costs, and landlord’s motion to dismiss the second affirmative defense is denied.
Although the statement set forth in the bill of particulars jointly provided by all respondents that tenants have not yet “permanently vacated” the stabilized apartment premises and the succession defense interposed by undertenant Ariel Churi in the combined answer are inconsistent, inconsistent defenses may be pleaded in the alternative (see CPLR 3014; Anamdi v Anugo, 238 AD2d 366 [1997]; see also Matter of Kern v Guller, 40 AD3d 1231 [2007]; Jeremy’s Ale House Also, Inc. v Joselyn Luchnick Irrevocable Trust, 22 AD3d 6, 10 [2005]). To the extent that the statement contained in the bill of particulars as to the tenants’ occupancy status can be viewed as an informal judicial admission by Churi, the statement does not serve as a conclusive bar to Churi’s facially viable succession claim, since an informal judicial admission is merely some evidence of the fact or facts “admitted,” and may be explained at trial (see TMB Communications v Preefer, 61 AD3d 450 [2009]; Prince, Richardson on Evidence § 8-219 [Farrell 11th ed]). Thus, at this pleading stage, Churi’s succession claim embodied in the second affirmative defense should not have been summarily dismissed.
McKeon, PJ., Schoenfeld and Heitler, JJ., concur.