[891 NYS2d 858]

244 WEST 109TH STREET, LLC, Appellant, v ELIZABETH DIAZ et al., Respondents.

Supreme Court, Appellate Term, First Department, November 17, 2009

**APPEARANCES OF COUNSEL**

*Cutler Minikes & Adelman, LLP*, New York City, for appellant. *Adam Leitman Bailey, P.C.*, New York City, for Tony Diaz, respondent.

**OPINION OF THE COURT**

Per Curiam.

Final judgment, entered on or about January 26, 2009, reversed, with $30 costs, and final judgment awarded to petitioner landlord. Issuance of the warrant of eviction shall be stayed for 30 days from the service of a copy of this order with notice of entry.

The jointly represented respondents, mother and son, effectively waived the succession defense initially interposed on behalf of respondent Tony Diaz by stipulating during discovery that respondent tenant Elizabeth Diaz did not at any time permanently vacate the demised stabilized apartment and actively, albeit unsuccessfully, contesting the nonprimary residence claim advanced by landlord against tenant (*cf. United E. LLC v Churi*, 24 Misc 3d 80 [2009]). "While parties are accorded considerable latitude in charting their procedural course before the courts . . . they are bound by the consequences attendant upon the exercise of that prerogative" (*Sean M. v City of New York*, 20 AD3d 146, 150 [2005] [citations omitted]).

The court's conduct in resurrecting the previously abandoned succession defense caused substantial prejudice to landlord, which had eschewed discovery and cross-examination of respondents on the succession issue in reliance on their litigation position. Even were the succession issue properly considered on the merits, the court's finding that tenant permanently vacated the apartment in 1989—requiring the conclusion that tenant left her then 12-year-old son alone in the apartment—is unsupported by the trial evidence.

McKeon, P.J., Shulman and Hunter, JJ., concur.