Matter of Barton v Truesdell (2020 NY Slip Op 02695)





Matter of Barton v Truesdell


2020 NY Slip Op 02695


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

529085

[*1]In the Matter of Laura Barton, Respondent,
v
Kristi L. Truesdell, Appellant, et al., Respondents.

Calendar Date: March 27, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Kristi L. Truesdell, Utica, appellant pro se.
Laura Barton, San Diego, California, respondent pro se.



Garry, P.J.
Appeal from an order of the County Court of Greene County (Tailleur, J.), entered March 12, 2019, which, in a proceeding pursuant to RPAPL article 7, affirmed a judgment of the Justice Court of the Town of Catskill in favor of petitioner.
Petitioner owns property in the Town of Catskill, Greene County. In July 2017, petitioner entered into a one-year lease with respondent Kristi L. Truesdell (hereinafter respondent). Respondent lived in one unit of the property and, on behalf of petitioner, rented out the other unit for overnight lodgings. The lease extended from August 1, 2017 through July 31, 2018. In May 2018, the parties began exchanging emails discussing a potential lease renewal and various improvements and repairs to the property that respondent might undertake to be performed in lieu of rental payments.[FN1] Petitioner thereafter served a notice of termination, formally advising that the lease would not be renewed and informing respondent that she had one month to vacate the premises.[FN2] Respondent failed to vacate and, in September 2018, petitioner commenced a summary proceeding pursuant to RPAPL article 7, seeking a warrant of eviction to remove respondent from the property. Following a hearing, the Justice Court of the Town of Catskill issued a judgment and warrant of eviction. Respondent appealed to County Court. In February 2019, County Court affirmed the judgment, and ordered respondent to vacate the premises.[FN3] Respondent appeals.
Respondent, appearing pro se, contends that the parties renewed the lease in their email discussions, thus prohibiting her eviction. As the original lease did not contain a renewal option, petitioner was not obligated to renew the lease with respondent (see Mobil Oil Corp. v Rubenfeld, 48 AD2d 428, 431 [1975], affd 40 NY2d 936 [1976]). The rules of contract formation apply in determining whether the parties' emails established the terms of a new lease. Thus, a failure to accept proposed terms is considered a rejection of an offer; proposing new terms or modifications will be deemed to constitute a counteroffer (see Keryakos Textiles v CRA Dev., 167 AD2d 738, 739 [1990]). Here, the emails exchanged between the parties proposed terms different than the terms of the existing lease. The parties engaged in a series of back-and-forth discussions, with each offering specified terms and conditions relative to the potential maintenance and repair work to be performed, as well as specified terms on rent, including payment frequency and included utilities; these communications would also sometimes seek to confirm the understanding. Upon review, we agree with County Court that the communications do not reveal "any definitive meeting of the minds and mutual agreement." Respondent's final note sent to petitioner stated that the agreement "looks good," but offered further changes to two terms. This counteroffer was properly deemed to be a rejection of the proposed agreement (see Jericho Group, Ltd. v Midtown Dev., L.P., 32 AD3d 294, 299 [2006], lv dismissed 11 NY3d 801 [2008]).
Respondent further avers that certain statements made by petitioner in the emails and her subsequent conduct — particularly electronic payments totaling $2,200 labeled as "materials" for work upon the property and "remainder of materials" — indicate her acceptance of the proposed terms and conditions, thus forming a lease. However, formation of a contract requires "a mutual intent to be bound" (Four Seasons Hotels v Vinnik, 127 AD2d 310, 316 [1987]). Here, the record fails to reveal that respondent began any of the work that she proposed to undertake, or that she purchased the materials with the funds forwarded by petitioner.
Alternatively, respondent claims that the parties' email discussions, and the subsequent electronic payments made by petitioner, prove that the parties bartered rent in exchange for services, and that the services that respondent performed "equated rent payment up until February 2019," thus creating a month-to-month tenancy for that period. Real Property Law § 232-c "provides a rebuttable presumption that should a landlord knowingly accept an occupant's tender of rent after the term of possession has ended, a new month-to-month tenancy will be created," and this presumption may be rebutted by an agreement for a tenancy for some other term (Dan M. Blumenthal, Practice Commentaries, McKinney's Cons Laws of NY, Book 49, RPAPL 232-c at 307; see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991, 993 [1969]). Here, the lease terms also included a holdover option stating that, "[i]n the event [petitioner] accepts a payment of rent for a period after the expiration of this lease in the absence of any specific written agreement, continued occupancy shall be deemed a month-to-month tenancy, on the same terms and conditions as herein."
The timing of the electronic payments coincided with the parties' email discussions. However, petitioner's final email to respondent, which respondent contends created the month-to-month tenancy through February 2019, expressly stated that the $2,200 payment was made for materials, and $2,000 in labor was to be "applied to June, July rent." Although it cannot be clearly determined from the record whether petitioner credited $2,000 of labor to respondent's June and July 2018 rent payments, it is nonetheless clear that the payment was to apply to rent due under the original lease, rather than to a potential new lease. In the absence of any proof that petitioner accepted payments of rent for tenancy beyond July 2018, a month-to-month tenancy was not created (see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d at 993; 2955 Shell Assoc. v Kayani, 234 AD2d 287, 287 [1996]; Real Property Law § 232-c).[FN4]
Accordingly, the only lease in effect between the parties — executed in July 2017 — terminated on July 31, 2018. A summary holdover proceeding requires that a "landlord must allege and prove that the tenant remains in possession after the expiration of his or her term" (Matter of Kern v Guller, 40 AD3d 1231, 1232 [2007]). Petitioner initiated the underlying summary proceeding when respondent failed to vacate the property after the date listed in the notice of termination and provided Justice Court with the lease,[FN5] the notices of termination, and proof of service (see RPAPL 711 [1]). Although petitioner allowed respondent to remain in possession for one month past the natural end of the lease, the record does not indicate that petitioner collected rent during this time (compare Matter of Joyous Holdings v Volkswagen of Oneonta, 128 AD2d 1002, 1005 [1987]), nor did petitioner attempt to remove respondent prior to the natural end of the lease — July 31, 2018. Justice Court had proper jurisdiction to hear the summary proceeding for eviction (see RPAPL 701 [1], [2]; 721 [1]) and properly granted the warrant of eviction (see Matter of Kern v Guller, 40 AD3d at 1232).
Respondent next avers that County Court failed to apply the proper standard of review to Justice Court's decision. "On any appeal taken . . . the appellate court shall have full power to review any exercise of discretion by the court or justice below" (UJCA 1702 [d]; see Portside Leasing & Mgt., Inc. v McFarland, 273 AD2d 843, 843 [2000], lv dismissed 95 NY2d 902 [2000]). Deference is "afforded to trial courts' discretionary decisions which are rational, record based and not an abuse of discretion, as well as findings on credibility" (Kevin Anthony Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, UJCA 1702 at 343). Here, the record — including the notice of termination, the email discussions and the transcript of the initial hearing — clearly reveals that the determination was properly supported and should not be disturbed (see 409-411 Sixth St., LLC v Mogi, 22 NY3d 875, 876-877 [2013]; Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]).
Finally, respondent's counterclaims not addressed here are rendered academic.[FN6] Respondent's remaining contentions have been reviewed and are found to be without merit.
Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The lease included a rider providing that work performed by respondent from a "project list" would be deducted from her rent, and respondent alleged that she had previously performed various maintenance and repair tasks in exchange for rent reductions.

Footnote 2: Petitioner also served notices of termination upon other individuals named in the lease, each of whom advised that they no longer resided at the property.

Footnote 3: Although County Court stated that the appeal was "dismissed," the record reveals that its decision was properly based upon the merits, rather than merely upon procedural grounds.

Footnote 4: At the eviction proceeding, petitioner's counsel stated that he did not "think there's been payment" of rent. Respondent provided a list of rent payments, listing various payments as "overdue," "paid" or "late." However, as petitioner moved solely for possession, and not for any alleged payments of rent, the issue of whether rent was or is owed is a separate matter not properly before us (compare RPAPL 732).

Footnote 5: Respondent argues that petitioner failed to provide the Justice Court with the entire lease. The record indicates that respondent provided the court with the entire lease in her answer, and the court, on the record, "t[ook] note" that the lease submitted by petitioner did not include all of the pages.

Footnote 6: Prior to the hearing, respondent sought an adjournment to seek counsel. We find no abuse of discretion in Justice Court's denial (see generally Matter of Sutton v Mitrany, 30 AD3d 678, 678-679 [2006]). Respondent proceeded at the hearing without renewing her request.