Saba Realty Partners, LLC v International Gold Star, Inc. (2020 NY Slip Op
51138(U))

[*1]

Saba Realty Partners, LLC v International Gold Star, Inc.

2020 NY Slip Op 51138(U) [69 Misc 3d 129(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-1177 K C

Saba Realty Partners, LLC, Respondent, 
against
International Gold Star, Inc., Appellant. 

Kolodny, P.C. (Peter Kolodny of counsel), for appellant.
Hertz, Cherson & Rosenthal, P.C. (David I. Paul of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P.
Edwards, J.), entered April 10, 2019. The order denied tenant's motion to dismiss the petition in a
nonpayment summary proceeding.

ORDERED that the order is reversed, without costs, and tenant's motion to dismiss the
petition is granted.
Landlord commenced this commercial nonpayment proceeding by serving a "John Doe" at
the premises sought to be recovered, a warehouse and garage, with a notice of petition and
petition, by sending additional copies to the premises by regular and certified mail, and, among
other things, sending an additional copy to tenant's retail store, located across the street from the
premises, by overnight mail. Tenant moved, pursuant to CPLR 3211 (a) (8), to dismiss the
petition, alleging, among other things, that landlord was required to serve tenant's retail store, its
principal place of business, with the petition by regular and certified mail, not overnight mail.
The Civil Court denied the motion in an order entered on April 10, 2019.
RPAPL 735 (1) (b) provides that where service upon a corporation is by substituted service
upon a person of suitable age and discretion who is employed or resides at the premises, the
papers must be mailed to the respondent by registered or certified mail and by regular first class
mail at the premises sought to be recovered, and, where the landlord has written knowledge of
the tenant's principal place of business, within the state, at that address (see F & V
Realty Corp. v 1014 Flatbush Ave., Inc., 38 Misc 3d 139[A], 2013 NY Slip Op 50193[U], *2
[App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2013]; Tradito v 815 Yonkers Ave. Series TDS Leasing, LLC, 30 Misc 3d
3 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). "When a statute requires multiple
acts to effectuate service . . . the omission of any required act renders the service defective" (George Doulaveris & Son, Inc. v P.J.
37 Food Corp., 39 Misc 3d 1, 3 [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists
2013]). Moreover, "[n]otice received by means other than those authorized by statute does not
bring a defendant within the jurisdiction of the court" [*2](Macchia v Russo, 67 NY2d 592, 595 [1986]).
In landlord's opposition to tenant's motion, landlord argued only that overnight mail
constituted proper service to a principal place of business under RPAPL 735, not that it did not
have written knowledge of tenant's principal place of business. In any event, the fact that landlord
sent the petition addressed to tenant at its principal place of business demonstrates that landlord
had knowledge of that address. Consequently, landlord was required by RPAPL 735 to send a
copy of the petition and notice of petition to tenant to its principal place of business by registered
or certified and by regular first class mail but failed to do so. As a result, tenant's motion should
have been granted.
In view of the foregoing, we need not reach the remaining arguments on appeal.
Accordingly, the order is reversed and tenant's motion to dismiss the petition is granted.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020