Kew Gardens Portfolio Holdings, LLC v Bucheli (2020 NY Slip Op
51137(U))

[*1]

Kew Gardens Portfolio Holdings, LLC v Bucheli

2020 NY Slip Op 51137(U) [69 Misc 3d 129(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-1071 Q C

Kew Gardens Portfolio Holdings, LLC,
Appellant, 
against
Ronald Bucheli and Barbara Pinargote, Respondents, et al.,
Occupants. 

Boris Lepikh of counsel, for appellant.
Luis F. Echeverria of counsel, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Sergio
Jimenez, J.), dated May 14, 2019. The order granted a motion by occupants Ronald Bucheli and
Barbara Pinargote to dismiss the petition in a licensee/squatter summary proceeding.

ORDERED that the order is reversed, without costs, and the motion by occupants Ronald
Bucheli and Barbara Pinargote to dismiss the petition is denied.
In this summary proceeding, the 10-day notice to quit and the petition state that Ronald
Bucheli and Barbara Pinargote (occupants) entered into occupancy as licensees of the former
tenant of record, Jorge Alban, and that their license expired upon Alban's death. In the
alternative, the notice and the petition state that occupants are squatters who entered without the
permission of the person entitled to possession. Landlord appeals from an order of the Civil
Court (Sergio Jimenez, J.) dated May 14, 2019 granting occupants' motion to dismiss, holding
that the grounds of licensee and squatter cannot be stated in the alternative without an
explanation as to why landlord is unaware of occupants' status (citing City of New York v
Bullock, 159 Misc 2d 716 [Civ Ct, Kings County 1993], affd for reasons stated
below 164 Misc 2d 1052 [App Term, 2d Dept, 2d & 11th Jud Dists 1995]).
In our view, the notice to quit and petition were reasonable under the attendant circumstances
(see Oxford Towers Co., LLC v Leites, 41 AD3d 144 [2007]; Hughes v Lenox Hill
Hosp., 226 AD2d 4 [1996]) and were sufficient to permit occupants to prepare a defense.
Notably, occupants are in the best position to know the circumstances under which they entered
into occupancy, and they pointed to no prejudice or confusion resulting from the alternative
pleading. It is also noted that, subsequent to the Bullock case, the Appellate Division,
Third Department, held that alternative pleading is permitted in a summary proceeding
(Matter of Kern v Guller, 40 AD3d 1231 [2007]). To the extent that Bullock is to
the contrary, it should not be [*2]followed.
Accordingly, the order is reversed and occupants' motion to dismiss is denied.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020