Mother Gaston 905 Corp. v Lubrun (2024 NY Slip Op 50411(U))

[*1]

Mother Gaston 905 Corp. v Lubrun

2024 NY Slip Op 50411(U) [82 Misc 3d 130(A)]

Decided on April 5, 2024

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 5, 2024
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, PHILLIP HOM,
JJ

2023-823 K C

Mother Gaston 905 Corp.,
Respondent,
against
Marie Lubrun, Appellant, et al., Undertenants.

Zabokritsky Law Group (Florence Zabokritsky of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP (Dustin Bowman and
Matthew J. Routh of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings
County (Kimberley Slade, J.), entered January 26, 2023. The final judgment, after a
nonjury trial, awarded petitioner possession in a holdover summary proceeding.

ORDERED that the final judgment is reversed, without costs, and the matter is
remitted to the Civil Court for the entry of a final judgment dismissing the petition. 
The petition in this holdover proceeding alleges that petitioner is the owner of the
premises, that there was "no written lease in effect between Petitioner and [occupant],"
and that occupant is "now a month-to-month occupant." After a nonjury trial, the Civil
Court (Kimberley Slade, J.) found that petitioner had established its prima facie case and
entered a final judgment awarding petitioner possession.
Petitioner failed to prove that it had any landlord-tenant relationship with occupant,
as required to maintain an RPAPL 711 (1) proceeding (see JCF Assoc., LLC v Sign Up
USA, Inc., 59 Misc 3d 135[A], 2018 NY Slip Op 50501[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2018]). For example, at trial it did not allege, let
alone prove, that there was a written lease or oral agreement for possession between it
and occupant, or that occupant had paid rent to petitioner. "As the right to maintain
summary proceedings did not exist at common law and is solely a creation of the statute,
it applies only in those cases authorized by the statute" (Dulberg v Ebenhart, 68
AD2d 323, 328 [1979]; see
Castle Peak 2012-1 REO, LLC v New York Found. for [*2]Senior Citizens, 63 Misc 3d 157[A], 2019 NY Slip
Op 50834[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Petitioner is
therefore not entitled to a final judgment as this summary holdover proceeding, based
upon RPAPL 711 (1), does not lie (see 130-50 228th, LLC v Moseley, 77 Misc 3d 139[A],
2022 NY Slip Op 51372[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2022]; Jamaica Seven, LLC v
Villa, 67 Misc 3d 138[A], 2020 NY Slip Op 50630[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2020]; JCF Assoc., LLC, 2018 NY Slip Op
50501[U]). In view of the foregoing, we reach no other issue. 
Accordingly, the final judgment is reversed and the matter is remitted to the Civil
Court for the entry of a final judgment dismissing the petition.
BUGGS, J.P., OTTLEY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 5, 2024