Cam Energy Heating & A.C., Inc. v Marting Real Estate & Prop., LLC
(2024 NY Slip Op 50412(U))

[*1]

Cam Energy Heating & A.C., Inc. v Marting Real Estate & 
Prop., LLC

2024 NY Slip Op 50412(U) [82 Misc 3d 130(A)]

Decided on April 5, 2024

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 5, 2024
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, PHILLIP HOM,
JJ

2023-893 K C

Cam Energy Heating and Air
Conditioning, Inc., Appellant, 
against
Marting Real Estate & Property, LLC, A & A Real
Estate, 
 Martingale Real Estate & Property, LLC, Respondents.

Cam Energy Heating and Air Conditioning, Inc., appellant pro se.
Marting Real Estate & Property, LLC, A & A Real Estate, Martingale Real
Estate & Property, LLC, respondents pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County
(Odessa Kennedy, J.), entered June 26, 2023. The judgment, after a nonjury trial,
dismissed the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this commercial claims action for breach of contract based on
the alleged failure of defendant Martingale Real Estate & Property, LLC
(Martingale) to pay the amount due for repairs plaintiff performed to a heating system,
plus fees. At a nonjury trial, plaintiff's collections manager testified that, after Martingale
paid an initial deposit of $1,770, it never paid the remaining $2,203.94, which was due
upon completion of the job. A witness for defendant Martingale presented copies of three
checks made out to plaintiff, totaling $2,850, and copies of bank statements
demonstrating that the checks were cashed. Based on this evidence, the Civil Court
dismissed the action. 
Plaintiff argues on appeal, among other things, that the checks presented add up to
more than the amount that was due for the job being sued for, indicating that the checks
were not paid for this job, but rather for other work that plaintiff performed.
In a commercial claims action, our review is limited to a determination of whether
[*2]"substantial justice has . . . been done between the
parties according to the rules and principles of substantive law" (CCA 1807-A [a];
see CCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams
v Roper, 269 AD2d 125, 126 [2000]). The determination of a trier of fact as to issues
of credibility is given substantial deference, as a trial court's opportunity to observe and
evaluate the testimony and demeanor of the witnesses affords it a better perspective from
which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies
with greater force to judgments rendered in the Commercial Claims Part of the court
(see Williams v Roper, 269 AD2d at 126).
Contrary to plaintiff's argument that none of the checks were in payment of invoice
2015-00778, the checks' memos stating which invoices were being paid are consistent
with Martingale's witness's testimony that the invoice being sued upon, 2015-00778, was
fully paid. Three checks were admitted into evidence: one drawn by Martingale payable
to plaintiff in the sum of $2,000, with the memo thereon stating that it was for invoice
2015-00778; one drawn by Martingale payable to plaintiff in the sum of $600, with the
memo thereon stating that it was for invoice 2015-00778 as well as for invoice
2015-00792; and one drawn, not by Martingale, but by A & A Real Estate payable
to plaintiff in the sum of $250, with the memo thereon stating that it was for invoice
2015-00792. While the second check for $600, if applied entirely to invoice 2015-00778
would have resulted in an overpayment of the amount due on that invoice, the memo on
the $600 check reflected that the $600 payment was split between invoice 2015-00778
and invoice 2015-00792. This fact is consistent with Martingale's account that invoice
2015-00778 was completely paid, as any remainder would have gone toward payment of
invoice 2015-00792.
Plaintiff's remaining contentions lack merit.
In view of the foregoing, we find that the dismissal of the action rendered substantial
justice between the parties according to the rules and principles of substantive law
(see CCA 1804-A, 1807-A [a]).
Accordingly, the judgment is affirmed.
BUGGS, J.P., OTTLEY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 5, 2024