2212 Prop. LLC v Bernal (2024 NY Slip Op 51083(U))

[*1]

2212 Prop. LLC v Bernal

2024 NY Slip Op 51083(U)

Decided on August 20, 2024

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 20, 2024
Civil Court of the City of New York, Queens County

2212 Property LLC, Petitioner,

against
Rodrigo Bernal, JOHN DOE, JANE DOE, Respondents.
2212 PROPERTY LLC, Petitioner,
against
GUSTAVE HAUSSER, JOHN DOE, JANE DOE, Respondents.
2212 PROPERTY LLC, Petitioner,
against
RAMON BAZURTO, JOHN DOE, JANE DOE, Respondents.

Index No. L&T 319608/23

Sherry H. Lin, Esq.
Law Offices of Michael P. Berkley, P.C.
Garden City, NY
Attorneys for petitioner
Luke J. Bigelow, Esq.
Viscardi, Basner & Bigelow, P.C. Richmond Hill, NY
Attorneys for respondents Rodrigo Bernal, Gustave Hausser, and Ramon Bazurto

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of petitioner's motions for default judgment and inquest (for each index number in the caption):
Papers on #319608/23 Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #6-14)
Affirmation in Opposition & All Documents Annexed 2 (NYSCEF #16-17)
Affirmation in Reply & All Documents Annexed 3 (NYSCEF #18-20)
Papers on #319609/23 Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #6-13)
Affirmation in Opposition & All Documents Annexed 2 (NYSCEF #15-16)
Affirmation in Reply & All Documents Annexed 3 (NYSCEF #17-19)
Papers on #319611/23 Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #6-14)
Affirmation in Opposition & All Documents Annexed 2 (NYSCEF #16-17)
Affirmation in Reply & All Documents Annexed 3 (NYSCEF #18-20)
Upon the foregoing cited papers, the decision and order on petitioner's motions for default judgment in each of the above-referenced proceedings (consolidated for determination herein) is as follows.
PROCEDURAL HISTORY
These three related holdover proceedings were filed in November 2023. Each of the proceedings seeks possession of the "Boathouse" at 22-12 119th Street, College Point, NY 11356.[FN1]
Proof of service for each proceeding was filed in January 2024 and the proceedings first appeared in this resolution Part on January 25, 2024. On the second court date, March 15, 2024, counsel appeared for the named respondent in each proceeding. The court's notes reflect that a motion schedule was agreed-upon and the proceeding was adjourned to May 14, 2023.[FN2]
Prior to the May 14th court date, motions for default judgment were made in each of the proceedings. Following multiple adjournments for briefing, the court heard argument on the motions in the three related proceedings on August 16, 2024. The court advised that the motions would be consolidated for determination and reserved decision.
[*2]DISCUSSION/CONCLUSION
Petitioner moves for a default judgment in each of these proceedings pursuant to CPLR § 3215(f), arguing that respondents have failed to file either a pre-answer motion to dismiss or answer within the timeframes allowed by law. Respondents oppose the motions and annex answers to their opposition papers. While petitioner asserts that respondents' opposition papers were late and should not be considered by the court, the court excuses the late filing pursuant to CPLR § 2004. Petitioner was permitted to submit reply papers, so the court deems any prejudice resulting from the late filing of the opposition papers to be de minimis.
The court notes that the Court of Appeals, in Brusco v. Braun, 84 NY2d 674, 681 [1994], specifically held that CPLR § 3215 does not apply to summary proceedings brought pursuant to Article 7 of the RPAPL, since more specific statutes, RPAPL §§ 731 and 732, apply to defaults in those proceedings. Even assuming that the court can entertain a motion for a judgment upon default, CPLR § 409(b) requires that the court assess any such motion according to a summary judgment standard (see Matter of Bahar v. Schwartzeich, 204 AD2d 441, 443 [2d Dept 1994]). Here, petitioner's motions do not make out all elements of petitioner's causes of action such that judgments may be granted upon default (see 1646 Union, LLC v. Simpson, 62 Misc 3d 142[A], 2019 NY Slip Op 50089[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] [In an Article 7 proceeding, "relief can be granted to a petitioner only where all the elements of the petitioner's cause of action have been made out[.]"]). Petitioner does not annex a copy of the deed to support its position that it is the owner of the subject premises, nor does it authenticate the predicate notices for any of the proceedings (see LPP Mortgage Inc. v. Cruz, 81 Misc 3d 1242[A], 2024 NY Slip Op 50127[U] [Civ Ct, Queens County 2024]). 
The court also notes that, as pled, the petitions contradict the predicate notices in each proceeding, as they aver that each respondent is an occupant without permission to occupy the premises. The predicate notices, however, state that the respondents are both occupants and tenants. It is well established, one, that summary proceedings "are solely a creation of the statute [Article 7 of the RPAPL] [and the right to maintain them applies] only in those cases authorized by the statute" (Dulberg v. Ebenhart, 68 AD2d 323, 328 [1st Dept 1979]), and two, that a petitioner in summary proceeding is bound by the predicate notice served, which cannot be amended after the fact (see Chinatown Apts., Inc. v. Chu Cho Lam, 51 NY2d 786, 787 [1980]; Singh v. Ramirez, 20 Misc 3d 142[A], 2008 NY Slip Op 51680[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). A holdover proceeding pursuant to RPAPL § 711(1) may only be maintained where there is a landlord-tenant relationship between the parties (see Mother Gaston 905 Corp. v. Lubrun, 82 Misc 3d 130[A], 2024 NY Slip Op 50411[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). Conversely, "RPAPL § 713 is the statutory source for summary proceedings where there is no landlord-tenant relationship between the parties." Heckman v. Heckman, 55 Misc 3d 86, 87 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]. As combined, the predicate notices and petitions in these proceedings merge causes of action under RPAPL §§ 711(1) and 713, without any indication of alternative pleading (cf. Matter of Kern v. Guller, 40 AD3d 1231 [3d Dept 2007]; Kew Gardens Portfolio Holdings, LLC v. Bucheli, 69 Misc 3d 129[A], 2020 NY Slip Op 51137[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Thus, no relief may be granted on default in these proceedings upon the pleadings that have been filed (see Merrbill Holdings, LLC v. Toscano, 59 Misc 3d 129[A], 2018 NY Slip Op 50410[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Kentpark Realty Corp. v. Lasertone Corp., 3 Misc 3d 28, 31 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]).
To the extent that petitioner requests that the court set the matter down for an inquest and disallow respondents' answers, in summary proceedings governed by the RPAPL, there is significant caselaw permitting the time to answer under RPAPL § 743 to be extended "by adjournment of the proceeding unless 'arrangements to the contrary' have been made." Aviles v. Santana, 56 Misc 3d 1206[A], 2017 NY Slip Op 50887[U], *5 [Civ Ct, Bronx County 2017] [quoting Gluck v. Wiroslaw, 113 Misc 2d 499, 500 [Civ Ct, Kings County 1982]]; see also City of New York v. Candelario, 156 Misc 2d 330, 331 [App Term, 2d Dept, 2d & 11th Jud Dists 1993], affd in part and revd in part on other grounds 223 AD2d 617 [1996]; In-Towne Shopping Ctrs. Co. v. Demottie, 17 Misc 3d 134[A], 2007 NY Slip Op 52200[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; Eugene Smilovic Hous. Dev. Fund Corp. v. Lee, 61 Misc 3d 1216[A], 2018 NY Slip Op 51534[U] [Civ Ct, Bronx County 2018]. Petitioner asserts that respondents should not obtain the benefit of an extension here, in light of the significant delay in answering after counsel appeared. While the court does not condone the delay here, it will excuse the late filing of the answers in furtherance of the "public policy favoring resolution of cases on the merits" (NYU-Hospital for Joint Diseases v. Praetorian Ins. Co., 98 AD3d 1101, 1102 [2d Dept 2012]).
Accordingly, petitioner's motions in Index Nos. L&T 319608/23, 319609/23, and 319611/23 are denied for the foregoing reasons. The answers are deemed filed in each proceeding and the proceedings will be restored to Part B, Room 403, on September 13, 2024. The parties are placed on notice that the court will consider summary determination pursuant to CPLR § 409(b) on the restored date upon the specific issues of: (1) the contradiction between the predicate notice allegations and the allegations in the petition as to respondents' interests in the respective subject premises (see RPAPL § 741(2)); and (2) how the identical description of the subject premises in the petitions for these separate proceedings "will permit [a] marshal to identify the premises sought to be recovered" from each respective respondent (US Airways, Inc. v. Everything Yogurt Brands, Inc., 18 Misc 3d 136[A], 2008 NY Slip Op 50279[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008] [citing RPAPL § 741(3)]). Any submissions on these issues shall be filed to NYSCEF no later than September 11, 2024 (see COD, LLC v. Ljuljdjuraj, 81 Misc 3d 132[A], 2023 NY Slip Op 51305[U], *1 [App Term, 1st Dept 2023]; Greenport Preserv., L.P. v. Heyward, 74 Misc 3d 46, 47 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]).
This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: August 20, 2024
Queens, New York
HON. CLINTON J. GUTHRIE, J.H.C.

Footnotes

Footnote 1:The respective petitions do not specify how each "Boathouse" is identified vis-à-vis the others.

Footnote 2:There was a dispute between the attorneys at argument on the instant motions as to whether the motion schedule applied to petitioner or to respondents.