Ditmas Flats, LLC v Perez (2025 NY Slip Op 50843(U))

[*1]

Ditmas Flats, LLC v Perez

2025 NY Slip Op 50843(U)

Decided on May 16, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2024-113 K C

Ditmas Flats, LLC, Appellant,
against
Shemika Perez, Respondent, "John" "Doe" and "Jane" "Doe", Undertenants. 

Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP (Arun Perinbasekar, Michael J. Hilt and Michael Litman of counsel), for appellant.
Brooklyn Legal Services (Andrew Sexton of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Juliet P. Howard, J.), entered October 31, 2023. The order, insofar as appealed from and as limited by the brief, granted tenant's cross-motion to dismiss the petition and denied, as moot, the branches of landlord's motion seeking to dismiss tenant's affirmative defenses in a holdover summary proceeding.

ORDERED that the order, insofar as appealed from, is modified by vacating so much thereof as granted the branch of tenant's cross-motion seeking to dismiss so much of the petition as alleges an illegal sublet, by providing that the aforementioned branch of tenant's cross-motion is denied and the illegal sublet ground is reinstated, and by vacating so much of the order as denied, as moot, the branches of landlord's motion seeking to dismiss tenant's affirmative defenses; as so modified, the order, insofar as appealed from, is affirmed, without costs, and the matter is remitted to the Civil Court for a determination on the merits of the branches of landlord's motion seeking to dismiss tenant's affirmative defenses.
In this holdover proceeding commenced in January of 2022 based upon illegal sublet and nonprimary residence, the notice to cure states that tenant had violated the lease and Rent Stabilization Code (RSC) (9 NYCRR) § 2525.6 "by illegally assigning and subletting the subject apartment to 'John Doe' and/or 'Jane Doe' without the permission of the landlord and by not maintaining the apartment as her primary residence." The notice of termination incorporates the [*2]notice to cure by reference and further states that "the Landlord of the Premises has elected to terminate your tenancy because you remain in violation of a substantial obligation of your tenancy and Section 226-b of the Real Property Law and Section 2525.6(f) of the Rent Stabilization Code, in that you have failed to remove the illegal subtenants and maintain the premises as your primary residence and that you have failed to cure such violation as demanded in the [notice to cure]." Tenant interposed an answer in which she raised several affirmative defenses and counterclaims. Landlord thereafter moved to dismiss the affirmative defenses and counterclaims. Tenant opposed and cross-moved to dismiss the petition based upon alleged deficiencies in the predicate notices. By order entered October 31, 2023, the Civil Court (Juliet P. Howard, J.), insofar as is relevant to this appeal, granted tenant's cross-motion and denied, as moot, the branches of landlord's motion seeking to dismiss tenant's affirmative defenses.[FN1]

Landlord did not serve the statutory nonrenewal notice required to commence a nonprimary residence proceeding and, thus, cannot obtain possession on that basis (see RSC § 2524.2 [c] [2]; Golub v Frank, 65 NY2d 900, 901 [1985]; 235 W. 71 St. LLC v Chechak, 16 AD3d 242, 242 [2005]; MF Holding, LLC v Apostolopoulos, 2002 NY Slip Op 50168[U] [App Term, 1st Dept 2002]). Consequently, so much of the petition as alleges nonprimary residence as the basis for termination of the lease was properly dismissed.
A predicate notice served pursuant to the Rent Stabilization Code must state the facts necessary to establish the existence of a ground for eviction (see RSC § 2524.2 [b]; Domen Holding Co. v Aranovich, 1 NY3d 117, 123 [2003]; 888 E. 96th St., LLC v Hargrove, 61 Misc 3d 137[A], 2018 NY Slip Op 51558[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). The test for determining the sufficiency of a predicate notice is "reasonableness in view of the attendant circumstances" (Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144 [2007]; see Hughes v Lenox Hill Hosp., 226 AD2d 4, 17 [1996]; Tzifil Realty Corp. v Rodriguez, 73 Misc 3d 138[A], 2021 NY Slip Op 51162[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Kew Gardens Portfolio Holdings, LLC v Bucheli, 69 Misc 3d 129[A], 2020 NY Slip Op 51137[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
Here, though the predicate notices do not name the alleged subtenant, they set forth sufficient facts to establish the grounds for tenant's eviction and adequately advised tenant so that she could frame a defense (see East Vil. RE Holdings LLC v McGowan, 57 Misc 3d 155[A], 2017 NY Slip Op 51623[U] [App Term, 1st Dept 2017]; Amin Mgt LLC v Martinez, 55 Misc 3d 144[A], 2017 NY Slip Op 50664[U] [App Term, 1st Dept 2017]; 1346 Park Place HDFC v Wright, 52 Misc 3d 18, 22 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Perle v Ross, 150 Misc 2d 20, 21 [App Term, 1st Dept 1991]). The notice to cure alleged that tenant illegally sublet the premises, which is generally considered sufficient (see 901 Bklyn Realty, LLC v Woods-Najac, 65 Misc 3d 158[A], 2019 NY Slip Op 51976[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), and the notice of termination adequately alleges that the conduct described in the notice to cure continued after the cure period elapsed (cf. 31-67 Astoria Corp. v Landaira, 54 Misc 3d 131[A], 2017 NY Slip Op 50034[U] [App Term, 2d Dept, 2d, 11th & 13th Jud [*3]Dists 2017]). Tenant does not allege that she was misled or confused as to the nature of this proceeding or was prejudiced in responding to the petition (see Kew Gardens Portfolio Holdings, LLC v Bucheli, 2020 NY Slip Op 51137[U]; 55 Clinton St., LLC v Schumacher, 65 Misc 3d 128[A], 2019 NY Slip Op 51530[U] [App Term, 1st Dept 2019]).
We note that, while tenant alleged, in an affidavit submitted in opposition to landlord's motion and in support of her cross-motion, that a family member, her brother, moved into the subject apartment after the commencement of the instant proceeding, she claimed that she previously took in a roommate around September 2021 and has not alleged that he was a family member. Thus, the conduct complained of in the challenged notice to cure and notice of termination, which were served in November and December 2021, respectively, is not the occupancy of a family member. Consequently, the heightened standard for predicate notices in illegal-sublet proceedings involving family members of the tenant articulated in 901 Bklyn Realty, LLC v Woods-Najac (2019 NY Slip Op 51976[U]) and 888 E. 96th St., LLC v Hargrove (2018 NY Slip Op 51558[U]), to wit, that "the landlord must allege facts tending to establish that the occupancy [by a non-lessee family member] rose to the level of an illegal sublet" (901 Bklyn Realty, LLC v Woods-Najac, 2019 NY Slip Op 51976[U], *2), does not apply to the predicate notices in this case. In view of the foregoing, we find no deficiencies in the predicate notices that would warrant the dismissal of so much of the petition as alleges an illegal sublet. 
Accordingly, the order, insofar as appealed from, is modified by vacating so much thereof as granted the branch of tenant's cross-motion seeking to dismiss so much of the petition as alleges an illegal sublet, by providing that the aforementioned branch of tenant's cross-motion is denied and the illegal sublet ground is reinstated, and by vacating so much of the order as denied, as moot, the branches of landlord's motion seeking to dismiss tenant's affirmative defenses, and the matter is remitted to the Civil Court for a determination on the merits of the branches of landlord's motion seeking to dismiss tenant's affirmative defenses.
BUGGS, J.P., OTTLEY and QUIÑONES, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2025

Footnotes

Footnote 1: The order also granted the branch of landlord's motion seeking to dismiss the first and second counterclaims and denied the branch of that motion seeking to dismiss the third counterclaim.