New York City Hous. Auth.-Latimer Gardens Houses v Strobert (2025 NY Slip Op 51973(U))

[*1]

New York City Hous. Auth.-Latimer Gardens Houses v Strobert

2025 NY Slip Op 51973(U)

Decided on December 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2024-807 Q C

New York City Housing Authority-Latimer Gardens Houses, Appellant, 
against
Amanda Strobert, Respondent, John Doe and Jane Doe, Undertenants. 

New York City Housing Authority Law Department (Robert S.G. Kline and Seth E. Kramer of counsel), for appellant.
Amanda Strobert, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Enedina Pilar Sanchez, J.), dated July 7, 2024. The order granted occupant's motion for summary judgment dismissing the petition in a licensee summary proceeding.

ORDERED that the order is reversed, without costs, and occupant's motion for summary judgment dismissing the petition is denied.
In this licensee proceeding (RPAPL 713 [7]), the 10-day notice to quit states that occupant entered into occupancy as a licensee of the former tenant of record, that the tenant was no longer entitled to possession because she "HAS MOVED and/or removed therefrom," that the tenant's "right of possession terminated on his/her MOVE," and that occupant's "right of possession terminated at the same time." Occupant moved for summary judgment dismissing the petition on two different but related grounds: that the 10-day notice was unclear as to how the tenant came to have vacated the apartment, and that the tenant remained in possession and therefore was a necessary party who was not named. By order dated July 7, 2024, the Civil Court (Enedina Pilar Sanchez, J.) granted occupant's motion, finding that the circumstances of the tenant of record's vacating the premises were unclear from the notice.
Even assuming the 10-day notice is not clear as to how the tenant came to have vacated the subject apartment, the notice clearly informed occupant that the tenant's right of possession had terminated, and therefore so had occupant's. There is no requirement that a notice to quit provide specific information regarding the circumstances under which the tenant of record vacated the premises in a licensee proceeding (see RPAPL 713 [7]), and, here, the notice was reasonable under the attendant circumstances and was sufficient to permit occupant to prepare a defense (see Oxford Towers Co., LLC v Leites, 41 AD3d 144 [2007]; Hughes v Lenox Hill Hosp., 226 AD2d 4 [1996]; Kew Gardens Portfolio Holdings, LLC v Bucheli, 69 Misc 3d 129[A], 2020 [*2]NY Slip Op 51137[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
Furthermore, occupant's argument that the petition failed to name a necessary party is without merit. If tenant still had legal possession of the subject apartment, the basis for this argument, then this RPAPL 713 (7) proceeding would not lie (see 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338 [1991]; Adelphi Assoc., LLC v Toruno, 48 Misc 3d 126[A], 2015 NY Slip Op 50903[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Valley Dream Hous. Co., Inc. v Lupo, 11 Misc 3d 130[A], 2006 NY Slip Op 50303[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). Here, however, occupant has not affirmatively made such allegation or offered proof in support of the motion, but bases her entire argument on the purported failure of the 10-day notice to factually support the claim that tenant no longer has legal possession, which contention this court rejects.
Accordingly, the order is reversed and occupant's motion for summary judgment dismissing the petition is denied.
BUGGS, J.P., OTTLEY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 5, 2025