Unique Physical Therapy, PT, P.C. v Global Liberty Ins. Co. of N.Y. (2021 NY Slip Op
50323(U))

[*1]

Unique Physical Therapy, PT, P.C. v Global Liberty Ins. Co. of
N.Y.

2021 NY Slip Op 50323(U) [71 Misc 3d 132(A)]

Decided on April 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2016-2224 K C

Unique Physical Therapy, PT, P.C., as
Assignee of Yolanda DeLeon, et al., Respondent,
against
Global Liberty Insurance Company of New York, Appellant.

Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum and Shaaker Bhuiyan of counsel), for
appellant.
Petre and Zabokritsky, P.C. (Damin Toell and Mark Petre of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z.
Mostofsky, J.), entered August 17, 2016. The order, insofar as appealed from and as limited by
the brief, denied defendant's motion to sever the first cause of action seeking to recover upon a
claim for services rendered to Yolanda Deleon from the remaining causes of action.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals, as limited by the brief, from so much of an order of the Civil Court as denied defendant's
motion, which, relying only on the pleadings, had sought, pursuant to CPLR 603, to sever the
first cause of action, seeking to recover upon a claim for services rendered to Yolanda Deleon,
from the remaining causes of action. Defendant's counsel asserted that the causes of action had
arisen out of five accidents and that multiple defenses had been interposed in the answer. By
order entered August 17, 2016, the Civil Court denied defendant's motion.
The decision to grant severance (see CPLR 603) is an exercise of judicial discretion
which, in the absence of a party's showing of prejudice to a substantial right, should not be
disturbed on appeal (see Majestic
Acupuncture, P.C. v Interboro Mut. Ins. Co., 61 Misc 3d 152[A], 2018 NY Slip Op
51785[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; City Chiropractic, P.C. v Auto One Ins.
Co., 59 Misc 3d 144[A], 2018 NY Slip Op 50730[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2018]; King's
Med. Supply Inc. v GEICO Cas. Ins. Co., 14 Misc 3d 136[A], 2007 NY Slip Op
50232[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Here, the conclusion that
resolution of the claim for services rendered to Yolanda Deleon will involve different questions
of fact and law from the claims for services rendered to the other assignors is not compelled by
the fact that the assignors were injured in separate [*2]accidents
or by defendant's pleading of 55 affirmative defenses (see Majestic Acupuncture, P.C., 61
Misc 3d 152[A], 2018 NY Slip Op 51785[U]). To the extent that defendant cites Premier Surgical Servs., P.C. v GEICO
Gen. Ins. Co. (65 Misc 3d 140[A], 2019 NY Slip Op 51704[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019]) to support the opposite conclusion, it should not be relied
upon for the proposition that severance is warranted solely on the ground that no-fault claims
arose out of multiple car accidents on different dates. The record in Premier demonstrated
that the denial of each claim was based on the particular assignor's failure to appear for scheduled
independent medical examinations and, while omitted from the decision, that fact was the basis
for this court's determination.
In view of the foregoing, defendant did not establish that the Civil Court's denial of
defendant's motion was an improvident exercise of discretion. Accordingly, the order, insofar as
appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 16, 2021