Unique Physical Rehab, PT, P.C. v Global Liberty Ins. Co. of N.Y. (2021 NY Slip Op
50325(U))

[*1]

Unique Physical Rehab, PT, P.C. v Global Liberty Ins. Co. of
N.Y.

2021 NY Slip Op 50325(U) [71 Misc 3d 132(A)]

Decided on April 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-1804 K C

Unique Physical Rehab, PT, P.C., as
Assignee of Yolanda Deleon, et al., Respondent,
against
Global Liberty Insurance Company of New York, Appellant.

Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum and Shaaker Buiyan of counsel), for
appellant.
Petre and Zabokritsky, P.C. (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sharon
Bourne-Clarke, J.), entered July 23, 2018. The order, insofar as appealed from, denied the
branches of defendant's motion seeking leave to reargue or renew plaintiff's prior motion, made
pursuant to CPLR 3126, to preclude defendant from offering evidence at trial, which had been
determined in an order of that court (Odessa Kennedy, J.) entered January 30, 2018, or, in the
alternative, seeking to vacate so much of the order entered January 30, 2018 as granted plaintiff's
motion to preclude defendant from offering evidence at trial.

ORDERED that the order entered July 23, 2018, insofar as appealed from, is reversed,
without costs, the branch of defendant's motion seeking to vacate so much of the order entered
January 30, 2018 as granted plaintiff's motion to preclude defendant from offering evidence at
trial is granted, and plaintiff's motion is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
moved, pursuant to CPLR 603, to sever the first cause of action from the remaining four causes
of action. Plaintiff opposed the motion and cross-moved to compel discovery or preclude
defendant from offering evidence at trial. By order entered August 17, 2016, the Civil Court
(Steven Z. Mostofsky, J.) denied defendant's motion and granted plaintiff's unopposed cross
motion to the extent of compelling defendant to provide discovery "within 60 days of the date of
the order or be precluded." By decision and order dated October 14, 2016, this court granted
defendant's motion for a stay pending appeal of the August 17, 2016 order, but provided that, if
defendant's appeal was not perfected by January 6, 2017, this "court, on its own motion, may
vacate the stay, or [plaintiff] may move to vacate the stay on three days' notice." Defendant was
unable to perfect the appeal by January 6, 2017 because the clerk of the Civil Court did not file
[*2]the return as required by CCA 1704 (b). Nevertheless, the
stay imposed by this court's October 14, 2016 decision and order was not vacated until October
18, 2019. Meanwhile, immediately upon learning that the papers necessary to perfect its appeal
were missing from the Civil Court's file, defendant moved to deem copies of the papers to be
originals. On October 3, 2017, plaintiff moved to preclude defendant from offering evidence at
trial. By order entered January 30, 2018, the Civil Court (Odessa Kennedy, J.) granted both
unopposed motions.
Defendant then made the instant motion for leave to reargue or renew plaintiff's motion to
preclude defendant from offering evidence at trial, or, in the alternative, to vacate so much of the
January 30, 2018 order as had granted plaintiff's preclusion motion. By order entered July 23,
2018, the Civil Court (Sharon Bourne-Clarke, J.) denied defendant's motion, finding that
"defendant failed to demonstrate that there was a stay order in effect that prevented [the Civil
Court] from issuing its January 30, 2018 order."
The branch of defendant's motion seeking leave to reargue or renew should have been denied
on the ground that there was no opposition to plaintiff's prior motion that could have been
reargued or renewed (see Hudson City
Sav. Bank v Bomba, 149 AD3d 704 [2017]). While defendant argues on appeal that so
much of the January 30, 2018 order as granted plaintiff's preclusion motion should be vacated
pursuant to CPLR 5015 (a) (4), that argument lacks merit because the violation of a stay does not
implicate subject matter jurisdiction within the meaning of CPLR 5015 (a) (4).
However, vacatur is appropriate in the "interests of substantial justice" (Woodson v
Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; cf. also PDQ Aluminum Prods. Corp. v Smith, 20 Misc 3d 94 [App
Term, 2d Dept, 9th & 10th Jud Dists 2008]), since plaintiff's preclusion motion, which
resulted in the January 30, 2018 order, violated a stay of this court. Contrary to the Civil Court's
statement, it had enough information to conclude that there had been a stay in effect that
precluded the instant motion.
Accordingly, the order entered July 23, 2018, insofar as appealed from, is reversed, the
branch of defendant's motion seeking to vacate so much of the order entered January 30, 2018 as
granted plaintiff's motion to preclude defendant from offering evidence at trial is granted, and
plaintiff's motion is denied.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 16, 2021