Tzifil Realty Corp. v Rodriguez (2021 NY Slip Op 51162(U))

[*1]

Tzifil Realty Corp. v Rodriguez

2021 NY Slip Op 51162(U) [73 Misc 3d 138(A)]

Decided on November 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2020-316 K C

Tzifil Realty Corp., Appellant,
against
Marisol Rodriguez, Respondent. 

Felipe E. Orner, for appellant.
Legal Services NYC Brooklyn Branch (Brett A. Dolin of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marc
Finkelstein, J.), entered December 3, 2019. The order, insofar as appealed from, granted the
branch of tenant's motion seeking to dismiss the petition in a nuisance holdover summary
proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs. 
Petitioner [FN1]
 commenced this holdover proceeding to recover possession of a rent-stabilized apartment on the
ground that tenant was "committing or permitting a nuisance" (Rent Stabilization Code [RSC] [9
NYCRR] § 2524.3 [b]). Tenant moved to dismiss the petition upon the ground that the
termination notice was fatally defective (see CPLR 3211 [a] [2] and [7]) or, in the
alternative, to disqualify petitioner's attorney because he is petitioner's officer and managing
agent, and therefore likely to be a witness on significant issues of fact. By order dated December
3, 2019, the Civil Court granted the branch of tenant's motion seeking to dismiss the petition.

Allegations in a termination notice must "adequately apprise[] [tenants] as to the grounds
upon which [the notice is] based, allowing them to prepare a legal defense" (Domen Holding Co. v Aranovich, 1
NY3d 117, 125 [2003]). The test for determining the sufficiency of a termination notice is
"reasonableness in view of [the] attendant circumstances" (Hughes v Lenox Hill Hosp.,
226 AD2d 4, 17 [1996]; see Brooklyn
Home for Aged People Hous. Dev. Fund Co. v Selby, 32 Misc 3d 130[A], 2011 NY Slip
Op 51314[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; 323 3rd St. LLC v Ortiz, 13 Misc 3d
141[A], 2006 NY Slip Op 52268[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]).
Allegations set forth in a nuisance termination notice, even if true, may properly be dismissed if
they are of the type of conduct which would not constitute a nuisance (see Montemuino v Gelber, 33 Misc 3d
133[A], 2011 NY Slip Op 51995[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2011]).

We agree with the Civil Court that the termination notice is defective (see Domen
Holding Co., 1 NY3d at 123; Frank v Park Summit Realty Corp., 175 AD2d 33, 35
[1991], mod on other grounds 79 NY2d 789 [1991]; Giga Greenpoint Realty, LLC v Mounier, 61 Misc 3d 135[A], 2018
NY Slip Op 51510[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018];
Montemuino, 2011 NY Slip Op 51995[U]), except to the extent that it alleged that tenant
refused to remove "the protruding air conditioner in your bedroom into the fire escape" on four
separate occasions, and that such refusal constituted a legal violation. If the foregoing allegations
were true, they could constitute a nuisance (see 12 Broadway Realty, LLC v Levites, 44 AD3d 372, 372-373
[2007]). However, this is the kind of condition that a tenant is permitted to cure (compare Dov Glick, Inc. v Cuevas, 17
Misc 3d 137[A], 2007 NY Slip Op 52332[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2007], with 311 Lincoln Place Inv., LLC
v Woldmarian, 56 Misc 3d 139[A], 2017 NY Slip Op 51085[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2017]). Since it undisputed that the condition has now been cured
(see RPAPL 753 [4]; M. M.
& I. Realty Co., L.L.C. v Gargano, 46 Misc 3d 16 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2014]), and a timely cure pursuant to RPAPL 753 (4) results in a
permanent stay of the issuance of the warrant (see Iris Holdings 961 42nd, LLC v Piedrahita, 63 Misc 3d 157[A],
2019 NY Slip Op 50833[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), we see
no reason to reinstate the petition. 

Petitioner's remaining contentions are without merit.

Accordingly, the order, insofar as appealed from, is affirmed.

ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 19, 2021

Footnotes

Footnote 1: It is unclear from the record
whether petitioner is a proper party to maintain this proceeding under RPAPL 721; however, that
issue is not before this court on this appeal.