Rite Aid Med. Supply Corp. v New York Cent. Mut. Fire Ins. Co. (2021 NY Slip Op
51161(U))

[*1]

Rite Aid Med. Supply Corp. v New York Cent. Mut. Fire Ins.
Co.

2021 NY Slip Op 51161(U) [73 Misc 3d 138(A)]

Decided on November 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : DAVID ELLIOT, J.P., MICHELLE WESTON, DONNA-MARIE E. GOLIA,
JJ

2019-1334 K C

Rite Aid Medical Supply Corp., as Assignee
of Joe Chaluisant and Robert Murray, Respondent,
against
New York Central Mutual Fire Insurance Company, Appellant.

Nightingale Law, P.C. (Michael S. Nightingale of counsel), for appellant.
The Law Offices of Florence D. Zabokritsky, PLLC, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered August 5, 2019. The order denied defendant's motion to sever the
claim of each assignor into separate actions.

ORDERED that the order is reversed, with $30 costs, and defendant's motion to sever the
claim of each assignor into separate actions is granted.
In this action by a provider to recover first-party no-fault benefits assigned to it by two
assignors, defendant appeals from an order of the Civil Court which denied defendant's motion
pursuant to CPLR 603 to sever the cause of action seeking to recover upon a claim for supplies
furnished to Joe Chaluisant from the remaining cause of action seeking to recover upon a claim
for supplies furnished to Robert Murray. Defendant's counsel asserted that the claims had arisen
out of two different accidents and that defenses relating to each claim differed. The Civil Court
denied defendant's motion.
While the decision to grant severance (see CPLR 603) is an exercise of judicial
discretion which, in the absence of a party's showing of prejudice to a substantial right, should
not be disturbed on appeal (see Majestic Acupuncture, P.C. v Interboro Mut. Ins. Co., 61
Misc 3d [*2]152[A], 2018 NY Slip Op 51785[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2018]; City Chiropractic, P.C. v Auto One Ins. Co., 59 Misc 3d 144[A],
2018 NY Slip Op 50730[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; King's Med. Supply Inc. v GEICO Cas. Ins.
Co., 14 Misc 3d 136[A], 2007 NY Slip Op 50232[U] [App Term, 2d Dept, 2d &
11th Jud Dists 2007]), in this instance, severance is warranted.
The complaint alleges that the claims arose out of separate accidents which occurred on
different dates. The record further reveals that while one claim was denied on the ground of lack
of medical necessity, the other claim was denied due to a failure to cooperate with defendant's
attempt to investigate the alleged accident. As such, different questions of fact and law are
involved, and defendant's motion to sever the causes of action should have been granted (see Premier Surgical Servs., P.C. v GEICO
Gen. Ins. Co., 65 Misc 3d 140[A], 2019 NY Slip Op 51704[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019]; King's Med. Supply Inc. v GEICO Cas. Ins. Co., 14 Misc 3d
136[A], 2007 NY Slip Op 50232[U]; cf. Unique Physical Therapy, PT, P.C. v Global Liberty Ins. Co. of NY,
71 Misc 3d 132[A], 2021 NY Slip Op 50323[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2021]).
Accordingly, the order is reversed and defendant's motion to sever the claim of each assignor
into separate actions is granted.
ELLIOT, J.P., WESTON and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 19, 2021