Lev Realty Group, LLC v Nassar (2025 NY Slip Op 50856(U))

[*1]

Lev Realty Group, LLC v Nassar

2025 NY Slip Op 50856(U)

Decided on May 28, 2025

Civil Court Of The City Of New York, Queens County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 28, 2025
Civil Court of the City of New York, Queens County

Lev Realty Group, LLC, Petitioner,

against
Ahmed Nassar, Respondent-Tenant, JOHN DOE AND JANE DOE, Respondents-Undertenants.

Index No. 314030/2024

For Pet: LAW OFFICE OF LEONIDAS FAMPRITSIS, PLLC Firm
31-19 NEWTOWN AVENUE 
SUITE 901
LONG ISLAND CITY, New York 11102
For Resp: Collins, Dobkin & Miller, LLP Firm
277 Broadway 
14th Floor
New York, New York 10007

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion:
Notice of Motion (Dismissal) [NYSCEF Doc. No. 8], Attorney Affirmation in Support [Doc. No. 9], Exhibit [Doc. No. 10]; Cross-Motion [Doc. No. 12], Attorney Affirmation [Doc. No. 13], Client Affidavit [Doc. No. 14], Exhibits [Doc. Nos. 15-22]; Attorney Affirmation in Opposition to Motion to Dismiss [Doc. No. 23], Exhibits [Doc. Nos. 24-31], Affidavit in Opposition to Motion to Dismiss [Doc. No. 32]; Sur-Reply Affidavit [Doc. No. 33], Exhibit [Doc. No. 34], Sur-Reply Attorney Affirmation [Doc. No. 35], Exhibits [Doc. Nos. 36-37].
After argument heard on May 19, 2025, the court finds as follows:
RELEVANT FACTS AND PROCEDURAL HISTORY
As an initial matter, petitioner's cross-motion (Mot. Seq. 2) to amend the pleadings to comply with the Good Cause Eviction Law notice requirements is granted on consent.[FN1]

The basis of this proceeding is respondent's alleged unreasonable refusal to provide access to the petitioner to correct/repair violations of record. (see notice to cure, termination [*2]notice and petition at NYSCEF Doc. No. 1). The notice to cure references access dated requested in a June 3, 2024 letter. That letter sought access on June 15, 16, 22, and 23, to "replace the front door; replace the bathroom floor tiles and repair the ceilings in the living room and back room." (see id at p. 16-19).
Respondent moves for dismissal pursuant to CPLR § 3211(a)(7), arguing that each requested access date fell on the weekend. Respondent argues that owners cannot demand weekend access, citing to 28 RCNY § 25-101.
In opposition, petitioner's agent (member of the LLC) states that the weekend dates were usually requested by the respondent "since 2018." (see Doc. No. 32). Petitioner argues that weekend access dates were not "required."
DISCUSSION
When considering a motion under CPLR § 3211, the court must afford the pleadings a liberal construction. The court must deem the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
"A motion to dismiss made pursuant to CPLR § 3211(a)(7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law." (Shaya B. Pac., LLC v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38, [2d Dept. 2006]; see also Leon v. Martinez, 84 NY2d at 87-88; 511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 NY2d 144, 152 [2002]).
Critically, the nonmoving party never has a burden to rebut a defense asserted by the moving party. (see Sokol v Leader, 74 AD3d 1180, 1181 [2d Dept. 2010]; Gonnelly v Newburgh Operations, LLC, 236 AD3d 866, 868 [2d Dept. 2025]).
Weekend Access
Respondent alleges that 28 RCNY § 25-101 unequivocally bars weekend access requests. This is not true. § 25-101(d), the same section that states that "access shall not be required on Saturdays, Sundays or legal holidays," has two exceptions. A tenant can agree to weekend access dates and/or a landlord can have weekend dates if there are class C violations or other serious conditions that need immediate repair.
Petitioner argues that both exceptions apply here. First, petitioner's agent avers that respondent has requested weekend access or consented to weekend access multiple times since 2018. (see Doc. No. 32, par. 5-6). Petitioner attaches alleged text messages dating from June 2018 through May 2024, wherein the respondent consistently requests weekend dates. (see NYSCEF Doc. 29). Consequently, it cannot be unreasonable for the petitioner to request further weekend access dates.
Petitioner also claims the second exception under § 25-101(a)(3). That provision allows for no advance written notice if the landlord needs access to correct a class C violation or when repairs are "immediately necessary to prevent damage to property or to prevent injury to persons, such as repairs of . . . leaking roofs, or broken and dangerous ceiling conditions . . . "[FN2]

The access sought here was for the correction of a class C violation—repair or replace the apartment entrance door (states as "replace the front door" in the June 3, 2024 letter requesting access)—and correction of several serious violations pertaining to leaks at ceilings at the living room and back room.
The court notes that respondent does not dispute he had regularly requested weekend access dates and does not dispute that at least one class C violation and other serious violations existed when petitioner sought access. (see Doc. No. 33).
Given these facts, the predicate notice(s) are entirely sufficient. (see Tzifil Realty Corp. v. Rodriguez, 73 Misc 3d 138(A), 1 [App Term, 2d Dept, 2d, 11th & 13th Jud. Dists. 2021] (The test for determining the sufficiency of a termination notice is "reasonableness in view of [the] attendant circumstances"], quoting Hughes v. Lenox Hill Hosp., 226 AD2d 4, 17 [1st Dept. 1996]). 
Consequently, the CPLR § 3211(a)(7) motion to dismiss is denied. 
Dismissal Because Access Was Provided
The parties disagree on much. However, it is not disputed that access was provided and repairs were completed.[FN3]
As such, the court asked the parties to brief whether the case should be dismissed because the cause of action was moot.
Petitioner was unwilling to discontinue the matter because violations remained open and believed this matter would not be "resolved" until all violations of record are removed. It is petitioner's position that respondent's actions or inactions resulted in the violations remaining open. The parties' submissions at NYSCEF Doc. Nos. 39-44 are considered in reaching the within decision.
Respondent seeks dismissal or summary judgment pursuant to CPLR § 409(b). This provision allows this court to make summary determinations if the pleadings, papers and admissions reveal there is no triable issue of fact. (see 88 Avenue Realty De LLC v. Castro, 75 Misc 3d 942, 948 [Civ Ct, Queens County 2022]).
According to respondent, this case ought to be dismissed because the petitioner sought access, access had concededly been provided, and repairs have been completed.
Petitioner argues that dismissal is not appropriate because while access may have been given, petitioner has allegedly been unable to close violations "because of the respondents [sic] actions." Petitioner alleges that the respondent did not timely cure in this proceeding. In any event, petitioner argues that the removal of violations was central to its access request and since the violations remain, the cause of action is not moot.
Dismissal and/or summary judgment based on mootness, for lack of a better term, is denied. The court has been crystal-clear that an eviction likely will not occur under the conceded facts. However, this does not mean that petitioner does not have a cause of action, and that petitioner is not entitled to a trial.
The Appellate Term, Second Department recently reiterated that "the primary rights at issue in a summary proceeding are the respective rights of the parties to possession which rights are to be determined as they existed at the time the proceedings were commenced." (Tzifil Realty Corp. v. Mazrekaj, 228 N.Y.S.3d 860, 863 (App Term, 2d Dept, 2d, 11th & 13th Jud Dists. 2025], citing RPAPL § 701, Nestor v. McDowell, 81 NY2d 410 [1993] and Four Forty-One [*3]Holding Corp. v. Bloom, 148 Misc. 565, 568 [App Term, 1st Dept. 1933] (emphasis added)).
A tenant who vacates after a case commences may not avoid a trial, as the landlord, although it may have actual possession, is still entitled to a possessory [and concomitant money judgment]. (see Tzifil Realty Corp. v. Mazrekaj, 228 N.Y.S.3d at 863, citing Tzifil Realty Corp. v. Mazrekaj, 2023 NY Slip Op. 50278[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists. 2023]).
Nor do courts simply dispose of a case as moot because a tenant has cured an alleged lease violation. For instance, when a landlord obtains a final judgment of possession for a tenant's failure to sign a renewal lease and the tenant cures, the court does not dismiss the case. Rather, it can permanently stay execution of the warrant. (see 72A Realty Assocs., L.P. v. Mercado, 36 Misc 3d 137(A) [App Term, 1st Dept 2012]; Barmat Realty Co., LLC v. Quow, 39 Misc 3d 151(A) [App Term 2d Dept, 2d, 11th & 13th Jud Dists. 2013]).
The holding in in Tzifil Realty Corp. v. Rodriguez, 73 Misc 3d 138(A) [App Term, 2d Dept., 2d, 11th and 13th Jud. Dists. 2021], to which respondent cites, is in accord with the above cases and corresponds with the court's belief that the case is not dismissible, even if doing so would save court resources. In Rodriguez, the Appellate Term reiterated this point of law—that permanent stay of the warrant is the proper procedure where there is a nuisance capable of cure that has in fact been cured.
Rodriguez cites to Iris Holdings 961 42nd, LLC v. Piedrahita, 63 Misc 3d 157(A), [App Term, 2d Dept, 2d, 11th & 13th Jud Dists. 2019]. In that case, the court found that the tenant had timely cured her breach in keeping unauthorized dogs. Even there, the court did not dismiss the case; it permanently stayed issuance of the warrant.
The refusal to provide reasonable access to an apartment for a landlord to perform repairs can constitute a nuisance. (see 12 Broadway Realty, LLC v. Levites, 44 AD3d 372 [2007]; Pefko Realty, LLC v. Nissim, 34 Misc 3d 129[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists. 2011]; 311 Lincoln Place Inv., LLC v. Woldmarian, 56 Misc 3d 139(A), [App Term, 2d Dept, 2d, 11th & 13th Jud Dists. 2017]).
If petitioner can prove that respondent was unreasonably refusing access at the time this case was commenced, it may very well be entitled to a judgment of possession. As such, CPLR § 409(b) dismissal is denied.
CONCLUSION
Based on the above, the motions to dismiss pursuant to CPLR § 3211(a)(7), and then under CPLR § 409(b), are denied.
Further conference in the resolution part will likely be futile. As such, the case is transferred to part X for trial assignment.
This constitutes the decision and order of the court. It will be posted on NYSCEF.
Dated: May 28, 2025
Queens, New York
SO ORDERED, 
HON. SHORAB IBRAHIM
Judge, Housing Part

Footnotes

Footnote 1:This was stated on the record on March 26, 2025.

Footnote 2:A landlord is required to notify the tenant of such access by telephone, email or by knocking at the apartment door at a reasonable time when the tenant is expected to be present.

Footnote 3:The court makes no determination here about exactly when access was provided.